No. 3--01--0521

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2002

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 9th Judicial Circuit,

       )  Fulton County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 98--CF--122

  )

JOHN M. NORRIS,                 )  Honorable

  )  Steven R. Bordner,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

      JUSTICE HOMER delivered the opinion of the court:           

________________________________________________________________

Defendant John M. Norris was charged with one count of aggravated criminal sexual abuse, a Class 2 felony (720 ILCS 5/12--16(b),(g) (West 1998)), and two counts of Class X predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1),

(b)(1) (West 1998)).  Pursuant to a fully negotiated agreement with the State, defendant pled guilty to aggravated criminal sexual abuse and one count of predatory criminal sexual assault of a child.  The State dismissed
 the other count of predatory criminal sexual assault of a child, and the court sentenced defendant to consecutive terms of 3 and 10 years, noting that truth-in-sentencing applied to the 10-year term.  Defendant filed a post-plea motion, which was denied, and he appeals.  Defendant argues that (1) his guilty pleas should be vacated because the trial court failed to admonish him that he was subject to civil commitment proceedings under the Sexually Dangerous Persons Act  (725 ILCS 205/0.01 
et
 
seq.
 (West 1998)) and the Sexually Violent Persons Act (725 ILCS 207/1 
et
 
seq.
 (West 1998)); and (2) Public Act 90--593 (Pub. Act 90--593, eff. June 19, 1998) violates this state's constitution.  We affirm.

BACKGROUND

Prior to accepting defendant's guilty pleas, the trial court informed defendant of the nature of the charges against him and the minimum and maximum penalties provided by law.  The court also informed defendant of trial rights he would be giving up by pleading guilty.  Defendant acknowledged that he understood the charges, the penalties and the rights he was waiving.  He acknowledged that he had discussed the consequences of his pleas with counsel, and he was satisfied with counsel's advice and the plea agreement.  Following the State's factual basis, defendant denied that he had been threatened, coerced or promised any benefit outside the terms of the plea agreement in exchange for his pleas of guilty.  The court then accepted defendant's pleas and imposed sentence according to the agreement.

Defendant subsequently moved to withdraw his pleas.  He claimed that (1) his sentence was excessive; (2) his pleas were not entered knowingly and voluntarily, because he misunderstood the right to appeal from his sentence; (3) he was never admonished by counsel or the court that his guilty pleas exposed him to liability under the Sexually Dangerous Persons Act and the Sexually Violent Persons Commitment Act; and (4) the truth-in-sentencing act, as amended by Public Act 90--593, violated the single subject rule of the Illinois Constitution of 1970. 

At a hearing on the motion, defendant's trial counsel testified that he had not informed defendant that he faced potential civil commitment under the sexually dangerous and sexually violent persons statutes.  Defendant and his wife testified that they believed defendant would receive a jury trial.  After arguments of counsel, the court denied the motion.  The court ruled, 
inter
 
alia
, that (1) civil commitment under the sexually dangerous and sexually violent persons statutes was a collateral consequence of defendant's guilty pleas; and (2) Public Act 90--593, which reenacted truth-in-sentencing legislation, was not unconstitutional.  

ISSUES AND ANALYSIS

On appeal, defendant first argues that his pleas were not knowing and voluntary because the trial court failed to admonish him about the possibility of civil commitment.  He contends that proceedings under the sexually dangerous and sexually violent persons statutes are direct, rather than collateral consequences of his guilty pleas.

A defendant must be admonished of the direct consequences of his guilty plea to render the plea knowing and voluntary.  
People v. Williams
, 188 Ill. 2d 365, 721 N.E.2d 539 (1999).  Direct consequences of a guilty plea are those consequences within the trial judge's control and related to the sentence imposed on the basis of the plea. 
 
Williams
, 188 Ill. 2d 365, 721 N.E.2d 539.  By contrast, collateral consequences are future or contemplated, but not certain consequences, generally resulting from action taken by the State's Attorney or another agency that the trial court does not control, and not related to the length or nature of the sentence imposed on the basis of the plea.  
Williams
, 188 Ill. 2d 365, 721 N.E.2d 539.  Guilty pleas are not invalid for failure of the court to warn a defendant of collateral consequences.  
Williams
, 188 Ill. 2d 365, 721 N.E.2d 539.  Whether a consequence of a guilty plea is direct or collateral is a question of law which this court reviews 
de
 
novo
.  
Williams
, 188 Ill. 2d 365, 721 N.E.2d 539.

In this case, it was the State's Attorney, not the trial judge, who had control over whether to prosecute defendant under the Sexually Dangerous Persons Act.  It is further within the State's Attorney's control whether defendant will be exposed to civil commitment under the Sexually Violent Persons Act upon completing his prison sentence.  The penalty imposed as a direct consequence of defendant's guilty plea did not automatically include any period of commitment under either the Sexually Dangerous Persons or the Sexually Violent Persons Act.  Consequently, any such potential commitment must be considered a collateral consequence which the trial court was not required to include in its admonishments prior to accepting defendant's guilty pleas.  See 
Williams
, 188 Ill. 2d 365, 721 N.E.2d 539.  Accordingly, the trial court did not err in denying defendant's post-plea motion on the ground of insufficient admonishments.

Next, defendant claims that Public Act 90-593 (Act) is constitutionally defective in two respects.  He first argues that the Act violates the "single subject" clause of the Illinois Constitution of 1970 because persons found not guilty by reason of insanity are subject to civil portions of the amending legislation.

The single subject clause of this state's constitution provides as follows:

   "Bills, except bills for appropriations and for codification, revision or rearrangement of laws, shall be confined to one subject."  Ill. Const. 1970, art. IV, §8(d).

"Single subject" challenges require a two-tiered analysis--

looking first to the act's stated subject and then to its content.  
People v. Sharpe
, 321 Ill. App. 3d 994, 749 N.E.2d 432 (2001) (citing 
Arangold Corp. v. Zehnder
, 187 Ill. 2d 341, 361-62, 718 N.E.2d 191, 203 (1999) (Freeman, C.J., specially concurring, joined by Rathje, J.)).  An act is unconstitutional if (1) the stated subject is so broad as to frustrate the very purpose of the single subject clause, or (2) the various provisions within the act do not all relate to the proper subject at issue.  
Arangold
, 187 Ill. 2d at 361-62, 718 N.E.2d at 203.

Public Act 90--593 is entitled "An Act in relation to criminal law, amending named Acts."  On review, this court must apply a liberal construction of the stated subject of an act in favor of upholding the legislation.  
People v. Reedy
, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999).  So construed, our supreme court has approved under first-tier single-subject analysis legislation styled as "An Act in relation to criminal law."  
People v. Sypien
, ___ Ill. 2d ___, ___ N.E.2d ___ (2001) (construing Public Act 90--456 (Pub. Act 90--456, eff. January 1, 1998)).  The stated subject of Public Act 90--593 is no broader than the act considered in 
Sypien
.  Accordingly, we hold that Public Act 90--593 is not constitutionally defective on its face.  

In the second tier of our analysis, we must determine whether the individual amendments contained in the Act relate to the subject of criminal law.  Among other changes, Public Act 90--593 amended the aggravated robbery statute and provisions relating to the affirmative defense of insanity and commitment of the criminally insane.  Contrary to defendant's position in this appeal, civil commitment procedures for the criminally insane arise out of the commission of criminal offenses, and, as such, they have a logical connection to the subject of criminal law.

The Act also re-enacted truth-in-sentencing provisions which had been declared unconstitutional in 
Reedy
, 186 Ill. 2d 1, 708 N.E.2d 1114.  In addition, the Act amended the following laws: section 3--6021 of the Counties Code (55 ILCS 5/3--6021 (West 1998)), relating to the sheriff's authority as a conservator of the peace; section 7--4--8 of the Illinois Municipal Code (65 ILCS 5/7--4--8 (West 1998)), relating to the authority of municipal police; section 18--5 of the Criminal Code of 1961 (720 ILCS 5/18--5 (West 1998)); section 12 of the Cannabis Control Act (720 ILCS 550/12 (West 1998); sections 100, 401, 402, 405.1 and 505 of the Illinois Controlled Substances Act (720 ILCS 570/100, 401, 402, 405.1, 505 (West 1998)); section 107--4 of the Code of Criminal Procedure of 1963 (725 ILCS 5/107--4 (West 1998)); section 9 of the Drug Asset Forfeiture Procedure Act (725 ILCS 150/9 (West 1998)); and section 12--903.5 of the Code of Civil Procedure (735 ILCS 5/12--903.5 (West 1998), relating to drug asset forfeitures.  Having carefully examined each of the amendments, we conclude that each has a natural and logical connection to criminal law.  Accordingly, we hold that the Act does not violate the single subject clause of this state's constitution.

Defendant also claims that the Act violated the appropriations clause, in that the Act contains provisions for distributing funds derived from forfeitures under the Cannabis Control Act.

The Illinois constitution provides that appropriations bills must be limited to the subject of appropriations.  Ill. Const. 1970, art. IV, §8(d).  An appropriations bill is legislation that sets apart from public revenue certain sums of money for specific purposes.  
Board of Trustees v. Burris
, 118 Ill. 2d 465, 515 N.E.2d 1244 (1987).  The appropriations clause prohibits including substantive law in an appropriation bill.  It does not, however invalidate provisions for the distribution of public funds in a bill consisting otherwise of substantive laws.  See 
Continental Illinois National Bank & Trust Co. of Chicago v. Zagel
, 78 Ill. 2d 387, 401 N.E.2d 491 (1979).

The inclusion of provisions for allocating funds derived from the sale of forfeited property under the Cannabis Control Act does not transform Public Act 90--593 into an appropriations bill.  Rather, the allocation provisions merely ensure proportionate distribution of forfeiture proceeds to law enforcement bodies throughout the State.  Accordingly, defendant's constitutional challenge must fail.  See 
Zagel
, 78 Ill. 2d 387, 401 N.E.2d 491.

CONCLUSION  

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

HOLDRIDGE, and McDADE, J.J., concurred.