(text box: 1) NO. 5-01-0582

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

In re
 DETENTION OF ) Appeal from the

KENNETH L. LINDSAY ) Circuit Court of

 ) Montgomery County.  

(The People of the State of Illinois, )

) 

Petitioner-Appellee, )

v. ) No. 00-MR-61

)

Kenneth L. Lindsay, ) Honorable

) Dennis E. Middendorff, 

Respondent-Appellant). ) Judge, presiding.  

___________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:  

Kenneth L. Lindsay (respondent) was scheduled to be released from the Department of Corrections.  Shortly before that time, the Illinois Attorney General filed a petition for his commitment under the Sexually Violent Persons Commitment Act (725 ILCS 207/1 
et seq.
 (West 1998)).  Respondent moved to dismiss the petition as violating the plea he negotiated for his charged offense.  The circuit court of Montgomery County denied the motion to dismiss.  On appeal, respondent raises the following issues:  (1) whether the plea bargain encompassed a prohibition against pursuing a petition under the Sexually Violent Persons Commitment Act, as well as the Sexually Dangerous Persons Act (725 ILCS 205/1.01 (West 1998)), and (2) whether respondent was induced to enter into the plea agreement by promises made by the office of the State’s Attorney in bad faith.  We affirm.

FACTS

On March 30, 1998, respondent entered into a plea whereby he agreed to plead guilty to the charge of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 1998)) in return for a recommendation that he would be sentenced to six years in the Illinois Department of Corrections with credit for time already served.  The court was informed as follows:  "In addition[,] the agreement is the State will not pursue a [s]exually [d]angerous [p]ersons petition for any events that have occurred prior to today[']s date."

Shortly before respondent was scheduled to be released, the Illinois Attorney General filed a petition for civil commitment under the Sexually Violent Persons Commitment Act.  Respondent moved to dismiss the petition on the ground that it violated the terms of his plea agreement.  

At the hearing on the motion to dismiss, the State called as a witness Neil Schroeder, the assistant State’s Attorney who negotiated the plea. This colloquy occurred during Schroeder's direct examination:  

"Q.  [Assistant Attorney General:]  *** Did you feel that you had the standing to waive the Sexually Violent Persons Act?

A.  The reason that this came up was that I had filed a Sexually Dangerous Person's [
sic
] petition in People versus Dale Comer sometime before that and that was[,] to the best of my knowledge[,] the first time that had been done here.  We talked about that extensively[,] and although I never filed one here, it was a negotiating tool that I used as far as[:]  ['][F]ine, your guy pleads guilty[;] he goes to prison[;] I won't file a D as in David, Sexually Dangerous Person's [
sic
] petition.[']  And it was my opinion at the time[,] and still is today[,] that I don't have jurisdiction to say what will happen at the time he is prepared to be released from the Department of Corrections.

Q.  Did you feel that Anne Fitzgerald [respondent's attorney] understood the distinction between the two [a]cts?

A.  She was very versed in both that [
sic
], and I believe that was her understanding, as well.  Although, obviously, that calls for a conclusion."

The State also presented an affidavit by respondent's attorney at the time of the plea, the public defender.  In the affidavit she indicated that it was her understanding that Schroeder would not enter into an agreement regarding the Sexually Violent Persons Commitment Act for any defendant.  The public defender stated that it was her understanding that Schroeder had agreed not to pursue a Sexually Dangerous Persons Act petition that would be founded on the facts of the charged offense.  On his behalf, respondent testified that the public defender had informed him that he would not be subject to civil commitment if he entered the plea.

After the hearing, the trial court denied the motion.  A bench trial was then held, and respondent was found to be a sexually violent person and was committed to the custody of the Illinois Department of Human Services.

ANALYSIS

In the absence of other circumstances, a trial court accepting a guilty plea would not be obligated to admonish a defendant of the possibility of civil commitment under the Sexually Violent Persons Commitment Act.  
People v. Norris
, 328 Ill. App. 3d 994, 997, 767 N.E.2d 904, 907 (2002).  A defendant need only be admonished of the direct consequences of his guilty plea.  
People v. Williams
, 188 Ill. 2d 365, 370, 721 N.E.2d 539, 543 (1999).  The direct consequences of a guilty plea are those that are related to the sentence imposed by the plea and that are within the control of the trial court.  
Williams
, 188 Ill. 2d at 372, 721 N.E.2d at 543.  In contrast, the court need not inform a defendant of the collateral consequences of his plea.  
Williams
, 188 Ill. 2d at 372, 721 N.E.2d at 543.  Civil commitment as either a sexually dangerous person or a sexually violent person is a collateral consequence of a guilty plea.  
Norris
, 328 Ill. App. 3d at 997, 767 N.E.2d at 907.  Collateral consequences are future or contemplated, but not certain, and are not related to the length or nature of the sentence imposed from the plea.  Generally, collateral consequences result from actions taken by the State’s Attorney or an other agency that the trial court does not control.  
Williams
, 188 Ill. 2d at 372, 721 N.E.2d at 543.  Therefore, prior to accepting a defendant’s guilty plea, the trial court is not required to admonish a defendant of the possibility of commitment under the Sexually Violent Persons Commitment Act.  
Norris
, 328 Ill. App. 3d at 997, 767 N.E.2d at 907.

Respondent’s contentions stem from the State making promises regarding civil commitment.  Respondent contends that in order for his plea to make sense, it must necessarily have encompassed a prohibition against pursuing a Sexually Violent Persons Commitment Act petition, as well as a Sexually Dangerous Persons Act petition.  Respondent testified at the hearing on his motion to dismiss that it was his understanding that he would not be civilly committed if he entered into the plea bargain.  Respondent contends that the court never admonished him regarding the Sexually Violent Persons Commitment Act and that his counsel could have overlooked the issue because the statute had been recently enacted.  Respondent asserts that it would have made no sense for him to enter into such a bargain if he would still be exposed to civil commitment.

The State points out that a plea bargain is a contract that is not to be measured by the subjective beliefs of the parties but instead must be interpreted according to the reasonable expectations of the parties.  
People v. Wolfe
, 156 Ill. App. 3d 1023, 1027, 510 N.E.2d 145, 148 (1987).  The rights of a defendant are limited to what the parties agreed to, and the courts interpret the terms of the agreement according to the reasonable expectations of the parties.  
People v. Navarroli
, 146 Ill. App. 3d 466, 470, 497 N.E.2d 128, 131 (1986), 
aff'd
, 121 Ill. 2d 516, 521 N.E.2d 891 (1988).  The analysis of a plea agreement, including whether it has been violated, is objective in nature and not based on the motives and justifications of the parties.  
Navarroli
, 146 Ill. App. 3d at 470, 497 N.E.2d at 131.  Under the terms of the agreement described at the time the plea was entered, the State, in return for a guilty plea, agreed to recommend a sentence of only six years' imprisonment, a sentence less than the maximum, and agreed not to pursue a petition under the Sexually Dangerous Persons Act. 

The plea made sense and benefited respondent.  Respondent received a sentence less than the maximum despite having a prior conviction, and he was not fined.  See 720 ILCS 5/12-16 (West 1998).  Respondent also received the benefit of the State’s Attorney’s office not proceeding under the Sexually Dangerous Persons Act at that time.  The fact that his sentencing precluded his immediate confinement under the Sexually Dangerous Persons Act does not mean respondent did not benefit from the bargain.  See 
People v. Edwards
, 29 Ill. App. 3d 625, 628, 331 N.E.2d 342, 345 (1975) (the defendant could have been convicted of both the theft charge and the burglary charge). 

It would not be unreasonable for a respondent to bargain to prohibit a petition under the Sexually Dangerous Persons Act while allowing for the possibility of commitment under the Sexually Violent Persons Commitment Act.  There are several vital differences between the two acts.  In order for a respondent to be found sexually dangerous, the State need only prove a "propensity" to commit a sex offense, as opposed to having to prove that it is "substantially probable" that a person will engage in sexual violence.  725 ILCS 205/1.01 (West 1998); 725 ILCS 207/5(f) (West 1998).  In addition, the sexually violent persons statute requires the treatment to be in the least restrictive manner and allows a detainee to petition for his release. 725 ILCS 207/40(b)(2) (West 1998).  The sexually violent persons statute is administered by the Department of Human Services and not the Department of Corrections and requires continuing examination.  725 ILCS 207/55 (West 1998); 
cf.
 725 ILCS 205/8 (West 1998).  

The court had no duty to discuss the possibility of a petition under the Sexually Violent Persons Commitment Act, because such a possibility was a collateral matter.  The plea was explicit and benefited respondent.  There is no basis for contending that respondent reasonably expected not to face the possibility of a petition under the Sexually Violent Persons Commitment Act. 

The State did not bargain in bad faith.  The agreement by the State’s Attorney’s office not to pursue a petition under the Sexually Dangerous Persons Act, while being silent regarding the Sexually Violent Persons Commitment Act, was sound policy.  Respondent contends that the State acted in bad faith by inducing him to plead guilty by promising that no petition under the Sexually Dangerous Persons Act would be filed.  Respondent contends that this promise was unfulfillable because the State’s Attorney’s office could not control whether the Attorney General’s office would file such a petition upon the completion of his sentence.  At the hearing on respondent’s motion to dismiss, the assistant State’s Attorney testified that he believed that action by the Attorney General was outside his jurisdiction at the time of the plea.  The assistant State’s Attorney testified that it was his belief that the public defender understood his position, as well as the distinctions between the two acts.  In addition, respondent’s counsel testified through affidavit that her understanding was that the State would not enter into an agreement relating to the Sexually Violent Persons Commitment Act, as opposed to the Sexually Dangerous Persons Act.  There was no bad faith.

Whether respondent would have a legitimate argument if the Attorney General had filed a petition under the Sexually Dangerous Persons Act is not at issue in this case.  Even assuming this happened, the strongest remedy to which respondent would be entitled is the specific performance of the promise not to file a petition under the Sexually Dangerous Persons Act. See 
Santobello v. New York
, 404 U.S. 257, 261, 30 L. Ed. 2d 427, 92 S. Ct. 495, 499 (1971); 
Palermo v. Warden, Green Haven State Prison
, 545 F. 2d 286, 295 (2d Cir. 1976).  The filing of a petition under the Sexually Violent Persons Commitment Act is in no way contrary to the plea bargain.   

The trial court correctly pointed out that silence about the Sexually Violent Persons Commitment Act was reasonable.  The implication underlying all of respondent’s arguments is that the absence of mention of the Sexually Violent Persons Commitment Act was irrational or deceptive.  As the trial court pointed out, however, jurisdiction for proceedings under the Sexually Dangerous Persons Act is in the circuit courts and both the State’s Attorney and the Attorney General have the discretion to file a petition.  725 ILCS 205/3 (West 1998).  In contrast, a State’s Attorney is allowed to file a petition under the Sexually Violent Persons Commitment Act only if the Attorney General has first declined to act.  725 ILCS 207/15(a) (West 1998).  

This insight might explain the happenings of this case, but it is not necessary for our decision.  The terms of the agreement control the bargain given to respondent.  Respondent entered into a plea bargain that, by its plain terms, only addressed the filing of a petition under the Sexually Dangerous Persons Act.  The State has fulfilled its obligations. 

Accordingly, this court affirms the order of the circuit court of Montgomery County.

Affirmed. 

WELCH and HOPKINS, JJ., concur.

NO. 5-01-0582

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

In re
 DETENTION OF ) Appeal from the

KENNETH L. LINDSAY ) Circuit Court of

 ) Montgomery County.  

(The People of the State of Illinois, )

) 

Petitioner-Appellee, )

v. ) No. 00-MR-61

)

Kenneth L. Lindsay, ) Honorable

) Dennis E. Middendorff, 

Respondent-Appellant). ) Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: August 29, 2002

___________________________________________________________________________

Justices
: Honorable Richard P. Goldenhersh, J.

Honorable Thomas M Welch, J., and

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________

Attorneys
 John E. Evans, Bullington, White, McPhail, Jarman & Evans, P.C., 

for
 127 N. Main, P.O. Box 190, Hillsboro, IL  62049-0190

Appellant
 

___________________________________________________________________________

Attorneys
 James E. Ryan, Attorney General, State of Illinois, Joel D. Bertocchi,

for
 Solicitor General, State of Illinois, William L. Browers, Jay Paul

Appellee
 Hoffmann, Assistant Attorneys General, 100 West Randolph Street,

12th Floor, Chicago, IL  60601

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/29/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.