# Illinois Official Reports

## Appellate Court

---

### *People v. Stefanski*, 2019 IL App (3d) 160140

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL J. STEFANSKI, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0140 |
| Filed | April 12, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 15-CF-311; the Hon. Terence M. Patton, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Adam N. Weaver, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Matthew Schutte, State's Attorney, of Cambridge (Patrick Delfino, David J. Robinson, and Jasmine D. Morton, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Justice Holdridge specially concurred, with opinion. |

**OPINION**

¶ 1    Pursuant to a fully negotiated plea agreement, the defendant, Michael J. Stefanski, pled guilty to aggravated battery (720 ILCS 5/12-3.05(c) (West 2014)) and retail theft (720 ILCS 5/16-25(a)(1) (West 2014)). He later filed a motion to withdraw his guilty plea, alleging that he did not understand the employment ramifications of pleading guilty to a felony. The motion was denied, and Stefanski appealed. On appeal, Stefanski argues that (1) the circuit court's ruling should be vacated and the case remanded to allow him to plead anew due to an amendment to the statute governing guilty plea admonishments that now requires the court to admonish defendants of certain consequences collateral to a plea of guilty and (2) he is entitled to new postplea proceedings because counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015). We affirm.

¶ 2                                    FACTS

¶ 3    On November 3, 2015, Stefanski was charged with aggravated battery (720 ILCS 5/12-3.05(c) (West 2014)) and retail theft (720 ILCS 5/16-25(a)(1) (West 2014)). The former charge was a Class 3 felony.

¶ 4    On December 17, 2015, Stefanski entered into a fully negotiated plea agreement in which he agreed to plead guilty to both charges and serve a 90-day jail sentence and 24 months of probation. During admonishments, Stefanski was not informed of any collateral consequences of his guilty plea. The court accepted the plea and Stefanski waived his right to a presentence report and hearing in mitigation. Then, the court sentenced Stefanski to the agreed-upon sentence.

¶ 5    On January 11, 2016, Stefanski filed a motion to withdraw his guilty plea in which he alleged that he did not understand the plea. On March 14, 2016, the circuit court held a hearing on the motion. On that day, defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015) in which he stated, in relevant part, that he had reviewed the "report of proceedings of the plea of guilty and the report of proceedings at the guilty plea hearing."

¶ 6    Stefanski stated at the hearing that, when he pled guilty, he did not understand the impact a felony conviction would have on his ability to find employment. In denying the motion, the court stated:

> "It's clear what happened here was after he got out, he started realizing what all the collateral consequences of a felony conviction was, such as it can make it tough to get a job. That's a collateral consequence. The Court is not required to advise him of that collateral consequence. The fact that he might not have known that or understood that does not make the plea unknowing, involuntary."

¶ 7    On March 17, 2016, Stefanski appealed.

¶ 8                                   ANALYSIS

¶ 9    Stefanski's first argument on appeal is that the circuit court's ruling should be vacated and the case remanded to allow him to plead anew due to an amendment to the statute governing guilty plea admonishments that now requires the court to admonish defendants of certain

consequences collateral to a plea of guilty. Stefanski claims that the amendment should apply retroactively to his situation because it was merely a procedural change in the law.

¶ 10   The question of whether an amended statute applies retroactively presents a question of law that we review *de novo*. *People v. Hunter*, 2017 IL 121306, ¶ 15.

¶ 11   At the time of Stefanski's plea, section 113-4(c) of the Code of Criminal Procedure of 1963 did not require the sentencing court to admonish a defendant regarding the collateral consequences of pleading guilty. 725 ILCS 5/113-4(c) (West 2014); *In re Detention of Lindsay*, 333 Ill. App. 3d 474, 477 (2002). However, the legislature amended section 113-4(c), effective January 1, 2017, to require admonishments regarding certain collateral consequences of pleading guilty. Pub. Act 99-871 (eff. Jan. 1, 2017) (amending 725 ILCS 5/113-4). Of particular relevance to this case is section 113-4(c)(4)(B), which requires the sentencing court to admonish a defendant that a guilty plea may have an impact on his or her ability to retain or obtain employment. 725 ILCS 5/113-4(c)(4)(B) (West 2016).

¶ 12   Our supreme court recently clarified Illinois's retroactivity jurisprudence in *Perry v. Department of Financial & Professional Regulation*, 2018 IL 122349. When determining whether a statute applies retroactively, Illinois courts begin with the first step of the retroactivity analysis set forth by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *Perry*, 2018 IL 122349, ¶ 40.

> "Under step one of *Landgraf*, a court first determines whether the legislature has expressly prescribed the temporal reach of the new law. [Citation.] If the legislature has clearly indicated the temporal reach, then such temporal reach must be given effect unless to do so would be constitutionally prohibited." (Internal quotation marks omitted.) *Id.*

¶ 13   There is no question in this case that the legislature did not clearly indicate a temporal reach when it amended section 113-4(c). In such a situation, Illinois courts do *not* use the second step of the *Landgraf* analysis. *Id.* Rather, the new law's temporal reach is provided by default in section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2014)), which provides:

> "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." *Id.*

Section 4 is a general savings clause that our supreme court has interpreted to apply to repeals and amendments (*People ex rel Alvarez v. Howard*, 2016 IL 120729, ¶ 25) and to mean that " 'procedural changes to statutes will be applied retroactively, while substantive changes are prospective only.' " *Perry*, 2018 IL 122349, ¶ 43 (quoting *People v. Howard*, 2016 IL 120729, ¶ 20). Additionally, it should be noted that "where the legislature has not expressly indicated its intent as to temporal reach, 'a presumption arises that the amended statute is not to be

applied retroactively.' " *Id.* ¶ 42 (quoting *People ex rel. Madigan v. J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 34).

¶ 14 To distinguish procedural laws from substantive laws, the *Perry* court turned to dictionary definitions. *Id.* ¶¶ 69-70. In essence, the *Perry* court concluded that procedural laws are laws that establish the ways in which rights or duties are judicially enforced, while substantive laws are laws that create and define those rights and duties. *Id.*

¶ 15 Our review of the amendment to section 113-4(c) of the Code of Criminal Procedure of 1963 reveals that the legislature *created* a new right for defendants and therefore substantively amended it. See *id.* ¶ 71. Prior to the amendment, as previously stated, a defendant had no right to be informed of the collateral consequences of a guilty plea during admonishments. *Lindsay*, 333 Ill. App. 3d at 477. A new right to be so informed is now guaranteed by section 113-4(c).

¶ 16 One aspect of Stefanski's argument in support of his claim that the amendment is procedural bears addressing. Even though he acknowledges that the amendment requires "new admonishments," he claims that the amendment "merely describes new procedures for the trial court at guilty plea hearings before it is allowed to accept the agreement." What Stefanski describes are the procedural ramifications of a substantive change in the law; obviously, the circuit court must now verbalize these collateral consequences during admonishments. But doing so is necessary only because a new right was created. As our supreme court has stated, "[p]rocedural ramifications of a substantive amendment do not make the amendment procedural." *People v. Atkins*, 217 Ill. 2d 66, 73 (2005).

¶ 17 We also note this court's recent opinion in *People v. Young*, 2019 IL App (3d) 160528, in which a different panel of this court held that the amendment to section 113-4(c) was procedural after stating only that

> "we find that the amendment in question is procedural in nature. See *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 310-11 (1988) ('[P]rocedure embraces "pleading, evidence and practice. Practice means those legal rules which direct the course of proceedings to bring parties into court and the course of the court after they are brought in." ' (quoting *Ogdon v. Gianakos*, 415 Ill. 591, 596 (1953)))." *Id.* ¶ 17.

The *Young* court arrived at that conclusion without ever discussing *Perry* and its clarification of Illinois retroactivity jurisprudence. As previously stated, we believe an application of *Perry* to the instant case leads to the conclusion that the amendment to section 113-4(c) was in fact substantive and not procedural. *Supra* ¶¶ 14-16. We therefore decline to follow *Young*. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) (holding, in relevant part, that the opinion of one appellate court panel is not binding on other appellate court panels).

¶ 18 For the foregoing reasons, we hold that the amendment to section 113-4(c) is substantive and therefore cannot be applied retroactively to Stefanski's situation. See *Perry*, 2018 IL 122349, ¶ 71; *Atkins*, 217 Ill. 2d at 73.

¶ 19 Lastly, we note Stefanski's alternative argument that the court failed to realize it had the discretion to allow the motion even though the court was not required at sentencing to inform him of the collateral consequences of pleading guilty. This argument is best understood by the following summarizing statement contained in Stefanski's brief:

"Should this Court find the statute does not apply retroactively to defendant, it should still reverse and remand the cause so that the trial court will have the opportunity to appropriately exercise its discretion in light of the new statute."

This is merely another way of asking this court to apply the statute retroactively. The focus of the retroactivity analysis is on legislative intent. *Perry*, 2018 IL 122349, ¶ 39. If a court determines that an amendment is substantive, the inquiry into legislative intent—and the retroactivity analysis itself—ends. See *id.* ¶¶ 46, 71. Accordingly, we reject Stefanski's alternative argument.

¶ 20        Stefanski's second argument on appeal is that he is entitled to new postplea proceedings because counsel failed to strictly comply with Rule 604(d). Stefanski points out that while counsel stated that he had reviewed the transcript of the guilty plea proceeding, he did not state that he had reviewed the transcript of the sentencing hearing, which was clearly required by the rule.

¶ 21        At the time counsel filed his certificate, Rule 604(d) stated in relevant part:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, *has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016).

The rule also stated that the certificate "shall be in following form" and included, in relevant part, the following line: "I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing." *Id.*

¶ 22        Attorneys must strictly comply with the requirements of Rule 604(d). *In re H.L.*, 2015 IL 118529, ¶ 8. The failure to do so necessitates a remand for the filing of a new motion to withdraw guilty plea or motion to reconsider sentence, along with a new hearing on the motion. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). We review a question of compliance with Rule 604(d) *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 23        Stefanski's argument fails to recognize that no sentencing hearing was held in this case. While section 5-4-1(a) of the Unified Code of Corrections provides defendants with a statutory right to a sentencing hearing, in relevant part, after "a determination of guilt," it has long been held that "a negotiated guilty plea does not involve a determination of guilt as contemplated by [what is now section 5-4-1(a)]." (Emphases omitted.) *People v. Cooper*, 33 Ill. App. 3d 367, 371 (1975); see also *People v. Barto*, 63 Ill. 2d 17, 22 (1976) (holding that what is now section 5-4-1(a) "was not intended to require a sentencing hearing when the trial judge had already indicated his concurrence in the disposition proposed by the parties").

¶ 24        A similar situation arose and was recently addressed by this court in *People v. Jackson*, 2018 IL App (3d) 170125. In *Jackson*, the defendant entered into a fully negotiated plea agreement whereby he would plead guilty to first degree murder and receive a 25-year prison sentence. *Id.* ¶ 8. After admonishments, the circuit court accepted the guilty plea and sentenced the defendant to the agreed-upon sentence. *Id.* ¶¶ 8, 49. After a motion to withdraw his guilty plea was denied, the defendant appealed and argued, *inter alia*, that counsel's Rule 604(d) certificate did not strictly comply with the rule because while it stated that counsel had

reviewed the transcript of the guilty plea proceedings, it did not state that she had reviewed the transcript of the sentencing hearing. *Id.* ¶¶ 20, 40. This court rejected the defendant's argument and held that counsel did strictly comply with the rule because no sentencing hearing had been held; rather, the defendant was simply sentenced to what he had agreed to serve after the plea was accepted. *Id.* ¶ 49. This court also stated:

> "The only discussion of defendant's sentence was contained in the transcript of the guilty plea hearing. Thus, by certifying that she had reviewed the report of proceedings of the plea of guilty, counsel also certified that she had reviewed the transcript of the court's discussion of defendant's sentence." *Id.*

¶ 25    Like the situation in *Jackson*, no sentencing hearing was held in this case. Thus, by certifying that he had reviewed the "report of proceedings of the plea of guilty and the report of proceedings at the guilty plea hearing," counsel strictly complied with Rule 604(d). *Id.* Accordingly, we reject Stefanski's argument.

¶ 26                                    CONCLUSION
¶ 27    The judgment of the circuit court of Henry County is affirmed.

¶ 28    Affirmed.

¶ 29    JUSTICE HOLDRIDGE, specially concurring:

¶ 30    In *Young*, 2019 IL App (3d) 160528, ¶ 17, this court held that the amendments to section 113-4 of the Code of Criminal Procedure of 1963 (Code) were procedural rather than substantive. Relying upon *Rivard*, the *Young* court held that the amendments to section 113-4 of the Code were procedural in that they directed "the course of proceedings to bring parties into court and the course of the court after they are brought in." (Internal quotation marks omitted.) *Id.* Further, the *Young* court held that, pursuant to *Hunter*, 2017 IL 121306, matters pending on appeal on the effective date of the amendments to section 113-4 of the Code were not entitled to retroactive application of the amendments. *Young*, 2019 IL App (3d) 160528, ¶ 26. The majority maintains that the holding in *Perry* overrules our holding in *Young*. I disagree. *Perry* merely articulated that, where the legislature has not expressly indicated its intent as to temporal reach, a presumption arises that retroactivity was not intended. *Perry*, 2018 IL 122349, ¶ 42. *Perry* does not address whether, as here, the change is substantive or procedural. *Id.* ¶ 44.

¶ 31    I would hold that, pursuant to *Young* and its application to the facts in the instant matter, the judgment of the trial court should be affirmed. Therefore, while I disagree with the majority's analysis, I agree with the holding herein affirming the judgment of the circuit court.