**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190466-U

Order filed July 26, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Hancock County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0466 Circuit No. 17-CF-139 |
| MARVIN L. KIRBY, | ) ) ) | Honorable Rodney G. Clark, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Daugherity and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d).

¶ 2     Defendant, Marvin L. Kirby, appeals his conviction for aggravated criminal sexual abuse. Defendant argues that (1) postplea counsel did not strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017); and (2) the Hancock County circuit court erred in ordering defendant to pay restitution to the victim's parents. We reverse the court's order denying

defendant's amended motion to withdraw his guilty plea and remand for further postplea proceedings.

¶ 3                                            I. BACKGROUND

¶ 4        The State charged defendant with seven counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2016)). The charges alleged that defendant knowingly committed seven acts of sexual penetration with the minor A.M. The court appointed counsel to represent defendant.

¶ 5        Defendant entered a guilty plea to all seven counts. Prior to accepting defendant's plea, the court inquired whether defendant had an opportunity to discuss the plea with his attorney, and whether his attorney answered any questions he had. Defendant answered affirmatively. The court accepted defendant's plea, and the cause proceeded to a sentencing hearing.

¶ 6        The factual basis established that in a recorded interview, defendant indicated that he had a sexual relationship with A.M. At the time, A.M. was 16 years old, and defendant was 36 years old. Defendant had sexual intercourse with A.M. on at least seven occasions. There were letters and text messages between defendant and A.M., as well as several witnesses that would verify their relationship. The State indicated that it would present DNA evidence collected from a condom located in defendant's bedroom that contained both defendant's and A.M.'s DNA.

¶ 7        The evidence at defendant's sentencing hearing established that approximately three months after A.M. and defendant began a relationship, A.M. committed suicide. A.M.'s death occurred by gunshot wound in her parent's home. As a sentencing term, the State requested that the court order restitution for expenses resulting from A.M.'s death. According to the presentence investigation report, the expenses included $1588.75 in property damage that resulted from A.M.'s suicide, and $1190.71 for ambulance transportation for Christina after she discovered A.M.'s

2

suicide. Additionally, the State requested $11,000 for Christina's lost wages. The State did not enter any evidence regarding Christina's lost wages.

¶ 8 The court sentenced defendant to 10 years' imprisonment on each charge, to be served consecutively. The court also ordered defendant to pay $13,779.46 in restitution to Christina and Joshua.

¶ 9 Defendant filed a motion to withdraw his guilty plea as a self-represented litigant. The motion alleged that defendant received ineffective assistance of plea counsel. The court appointed new counsel to represent defendant.

¶ 10 On July 25, 2018, postplea counsel filed an amended motion to withdraw defendant's guilty plea and a Rule 604(d) certificate. Later, postplea counsel filed a second amended motion to withdraw defendant's guilty plea. The second amended motion elaborated on defendant's ineffective assistance of plea counsel claims and alleged, in relevant part, that plea counsel: (1) failed to discuss possible defenses with defendant, (2) met with defendant for less than one hour during the pendency of his case, (3) failed to give defendant an opportunity to review his discovery when the State tendered discovery one day before his guilty plea, (4) failed to review with defendant his presentence investigation report until the night before his sentencing, and (5) advised defendant that the court would sentence him to approximately 20 years' imprisonment. To support defendant's claim regarding how long he met with plea counsel, postplea counsel attached the jail records showing when plea counsel had visited defendant. Neither amended motion was accompanied by supporting affidavits.

¶ 11 At the hearing on the second amended motion, postplea counsel only made arguments in support of withdrawing defendant's guilty plea and called no witnesses to testify in support of the motion. The court denied defendant's motion. Defendant appeals.

3

¶ 12                                II. ANALYSIS

¶ 13        Defendant argues that postplea counsel failed to comply with Rule 604(d) because counsel: (1) did not attach an affidavit to the amended motion to withdraw guilty plea where the motion was based on facts outside the record, and (2) counsel did not recertify that he made amendments to the second amended motion necessary for the adequate presentation of defendant's claims.

¶ 14        Rule 604(d) provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Strict compliance with Rule 604(d) is required. *In re H.L.*, 2015 IL 118529, ¶ 8. Therefore, counsel must prepare a certificate that meets the content requirements of the rule and file the certificate with the circuit court prior to the filing of any notice of appeal. *Id.* ¶ 25. The remedy for counsel's failure to strictly comply with the requirements of Rule 604(d) is to remand for the filing of a new motion to withdraw guilty plea, along with a new hearing on the motion. *People v. Stefanski*, 2019 IL App (3d) 160140, ¶ 22.

¶ 15        The purpose of Rule 604(d) is " 'to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors*

4

the record, but nevertheless were unwittingly given sanction in the courtroom.' " *People v. Skryd*, 241 Ill. 2d 34, 39 (2011) (quoting *People v. Wilk*, 124 Ill. 2d 93, 104 (1988)); see also *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 9 (record refuted counsel's certification that she made any amendments to the motion to withdraw guilty plea necessary for adequate presentation of any defects in the plea proceedings where counsel did not support allegations *dehors* the record with an affidavit). Therefore, to satisfy this duty when raising a claim derived from facts outside the record, counsel must support the claim with an affidavit or other evidence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *Bridges*, 2017 IL App (2d) 150718, ¶ 9. Compliance with Rule 604(d) is reviewed *de novo*. *Stefanski*, 2019 IL App (3d) 160140, ¶ 22.

¶ 16        Several of the claims raised in the first and second amended motions to withdraw guilty plea relate to defendant's private communications with plea counsel. *Supra* ¶ 10. These claims are *dehors* the record, and therefore, postplea counsel needed to provide an affidavit or other evidentiary support. See *Bridges*, 2017 IL App (2d) 150718, ¶ 9. Because postplea counsel did not file the necessary supporting affidavits or evidence, he failed to comply with Rule 604(d). Accordingly, we reverse the court's denial of defendant's second amended motion to withdraw guilty plea and remand the cause to the circuit court for new postplea proceedings.

¶ 17        In reaching this conclusion, we note that Rule 604(d) does not require counsel to recertify an amended motion. Therefore, postplea counsel need not file a new Rule 604(d) certificate with each subsequent amendment to the motion to withdraw guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *H.L.*, 2015 IL 118529, ¶ 25. Nevertheless, postplea counsel must comply with the mandates of the rule and attach the affidavits or evidence needed to support any claims *dehors* the record.

¶ 18     We take no position on defendant's restitution issue, as our ruling on the first issue requires *de novo* postplea proceedings which could potentially address or eliminate this issue.

¶ 19                                    III. CONCLUSION

¶ 20     The judgment of the circuit court of Hancock County is reversed in part and remanded for further proceedings.

¶ 21     Reversed in part and remanded for further proceedings.