NOTICE
Decision filed 09/22/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 180366-U

NO. 5-18-0366

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 17-CF-516 |
| | ) | |
| MICHAEL R. HARRIS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court did not abuse its discretion when it denied the defendant's motion to withdraw his guilty plea.

¶ 2 The defendant, Michael R. Harris, appeals the denial of his motion to withdraw his guilty plea. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion to withdraw as counsel, alleging that there is no merit to the appeal. See *Anders v. California*, 386 U.S. 738 (1967). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal. He did not file a response. We have considered OSAD's motion to withdraw as counsel on appeal. We have examined the entire record on appeal and found no error or potential grounds for appeal.

1

For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Jefferson County.

¶ 3                                   BACKGROUND

¶ 4     The defendant entered a negotiated plea of guilty to one count of unlawful delivery of methamphetamine in exchange for a sentence of 30 months' probation. After admonishing the defendant in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), determining that the plea was voluntary, and hearing the factual basis for the plea, the court accepted the plea, entered a judgment of conviction, and imposed the agreed upon sentence.

¶ 5     The defendant subsequently filed *pro se* a motion to withdraw his guilty plea, arguing that his guilty plea was not knowing, intelligent, or voluntary. At the hearing on the motion, the defendant argued that (1) he suffered from depression and social anxiety disorder, and (2) he only pled guilty because he had a sore on his abdomen which he believed might be a MRSA infection and for which he was not receiving appropriate medical care while in jail. At the hearing on his motion to withdraw the defendant testified that he had been diagnosed with depression and social anxiety approximately 15 years earlier by a doctor in Texas. He was prescribed medication but was not taking any because of the cost. He also testified that he had brought his abdominal sore to the attention of the jail staff but was told by a nurse that there was nothing more they could do for him. Upon being released from jail he went to the emergency room at a local hospital and was referred to a doctor but had not heard back from him. The defendant argued that because of his mental condition and his concern about his abdominal sore he did not truly comprehend what was happening with his case. The circuit court denied the defendant's motion, finding that he had failed to demonstrate that his plea was not knowing and voluntary.

¶ 6                                    ANALYSIS

¶ 7      In its motion to withdraw OSAD identifies three potential issues which could be raised on appeal but which it concludes have no arguable merit. The first two issues are whether the circuit court substantially complied with Rule 402(a) and whether the defendant's plea was knowing, intelligent, and voluntary where he suffered from depression and social anxiety disorder, and where he only pled guilty because he was concerned about the sore on his abdomen, for which he was not getting proper treatment in jail, and he wanted to get out of so that he could seek treatment.

¶ 8      " 'In order to satisfy due process, a guilty plea must be affirmatively shown to have been made voluntarily and intelligently.' " *People v. Bryant*, 2016 IL App (5th) 140334, ¶ 36 (quoting *People v. Fuller*, 205 Ill. 2d 308, 322 (2002)). Rule 402 was adopted to ensure compliance with these due process requirements. *Id*. Subsection (a) provides that a court shall not accept a guilty plea without first informing the defendant of the nature of the charge, the maximum and minimum sentences, the right to plead guilty or not guilty, and that by pleading guilty the defendant is waiving the right to a trial and to confront the witnesses against him. Ill. S. Ct. R. 402(a). Subsection (b) requires the court to determine whether the plea was voluntary (Ill. S. Ct. R. 402(b)), and subsection (c) requires the court to determine whether there is a factual basis for the plea (Ill. S. Ct. R. 402(c)). Substantial compliance with the rule satisfies due process, and an imperfect admonishment does not require reversal unless real justice had been denied or the defendant has been prejudiced by the inadequate admonishment. *People v. Petero*, 384 Ill. App. 3d 594, 599 (2008).

¶ 9      In the present case, the circuit court's only deviation from the requirements of Rule 402 was its failure, when admonishing the defendant in accordance with subsection (a), to advise him of and ensure that he understood the nature of the charge. When a defendant is represented by

3

counsel and pleads guilty pursuant to a plea agreement it is appropriate to inform him or her of the nature of the charge by naming the offense, and the entire record may be considered in determining whether the defendant understood the nature of the charge. *People v. Robertson*, 63 Ill. 2d 141, 146 (1976). Here, when determining the factual basis for the plea, the court asked the prosecutor for the "factual basis to support the charge of Unlawful Delivery of Methamphetamine, a Class 2 felony." After hearing the factual basis, the court asked the defendant if everything the State said was correct and he responded that it was. After admonishing the defendant, the court asked whether he still wished to persist in his "plea of guilty to Unlawful Delivery of Methamphetamine, a Class 2 felony, upon this plea agreement?" The defendant stated that he did. We agree with OSAD that the record shows that the trial court substantially complied with Rule 402.

¶ 10    We also agree with OSAD that no meritorious argument can be made that the defendant's medical issues rendered his plea involuntary or that the circuit court erred in denying his motion to withdraw his plea.

¶ 11    A defendant's right to withdraw his guilty plea is not absolute, and he "bears the burden of demonstrating to the trial court the necessity of withdrawing his plea." *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993) (citing *People v. Smithey*, 120 Ill. App. 3d 26, 31 (1983)). A defendant may withdraw his plea where (1) the plea was entered on a misapprehension of facts or law, (2) in consequence of misrepresentations by counsel or someone else in authority, (3) there is doubt of the defendant's guilt, (4) the defendant has a defense worthy of consideration, or (5) the ends of justice would be better served by a trial. *People v. Mercado*, 356 Ill. App. 3d 487, 477 (2005). Various courts, including this court and the Illinois Supreme Court, have discussed whether a motion to withdraw a guilty plea should be granted in terms of whether it would be a manifest injustice to deny a motion to withdraw the guilty plea. *People v. Pullen*, 192 Ill. 2d 36, 39 (2000);

4

*People v. Bryant*, 2016 IL App (5th) 140334, ¶ 29. "[I]t is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and, on appeal, this decision will not be disturbed unless the decision is an abuse of that discretion." *People v. Davis*, 145 Ill. 2d 240, 244 (1991); *People v. Church*, 334 Ill. App. 3d 607, 615 (2002). An abuse of discretion exists where no reasonable person would agree with the court's decision. *People v. Peterson*, 311 Ill. App. 3d 38, 45 (1999).

¶ 12    At the guilty plea hearing, the defendant, in response to the court's inquires, acknowledged that he had signed the written plea of guilty and the proposed order of probation, that no one had threatened or forced him to sign them, that no one had made any promises other than the plea agreement to induce him to sign them, that he had sufficient time to go over everything with his attorney, and that he wanted the court to accept his signature on those documents as his free and voluntary act. The defendant's clear and articulate responses to the court's questions refute any suggestion that he did not understand the proceedings. At no point did the defendant indicate that he suffered from any health conditions or suggest that he was pleading guilty so that he could seek medical treatment, and he offered no other testimony or evidence to support his claims. The circuit court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea and its denial of his motion did not result in a manifest injustice.

¶ 13    The final potential issue identified by OSAD is whether counsel strictly complied with Illinois Supreme Court Rule 604(d)'s certification requirement. We agree with OSAD that it does.

¶ 14    Rule 604(d) provides in pertinent part as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty,

5

has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Here, counsel's certificate stated:

"1. I have consulted with Defendant in person to ascertain Defendant's contentions of error in the entry of the plea of guilty and imposition of sentence.

2. I have examined the trial court file and the available reports of proceedings surrounding the negotiated plea of guilty.

3. I have made any amendments necessary for adequate presentation of any defects in those proceedings."

Counsel's failure to certify that he examined the report of proceedings of the sentencing hearing does not render his certificate noncompliant because the defendant's plea was negotiated and there was no sentencing hearing. See *People v. Stefanski*, 2019 IL App (3d) 160140, ¶ 25.

¶ 15                                          CONCLUSION

¶ 16    For the foregoing reasons, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of Jefferson County.

¶ 17    Motion granted; judgment affirmed.

6