THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY LEE KEELE, Defendant-Appellant.

Fifth District    No. 5—89—0304

Opinion filed March 25, 1991.

Timothy P. Nance, of Tinley Park, for appellant.

Kathleen M. Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Terry Lee Keele, pleaded guilty to aggravated battery and was sentenced by the circuit court of Jefferson County to an extended term of 10 years' imprisonment. He subsequently filed a mo-

tion to withdraw his plea of guilty pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The motion was denied after a hearing at which no evidence was presented. Defendant appeals from the denial, contending that the trial court did not substantially comply with Supreme Court Rule 402 (134 Ill. 2d R. 402) prior to accepting his guilty plea, that his counsel misled him to believe he would be sentenced to two years' imprisonment, and that the appropriate factors were not present for imposition of an extended-term sentence. We reverse and remand for further proceedings.

Defendant was initially charged with aggravated battery and attempted murder. On January 9, 1989, pursuant to negotiations, defendant pleaded guilty to aggravated battery with the understanding that probation would not be a sentencing alternative and that he could receive a sentence between 2 and 10 years' imprisonment. Prior to accepting the guilty plea, the court asked defendant if he understood the charge and if he was pleading guilty voluntarily. Defendant answered in the affirmative. The court further asked if defendant understood he had the right to have a jury or bench trial at which defense counsel could cross-examine witnesses and he could testify or not testify and call witnesses in his defense. Defendant again answered in the affirmative. To complete the hearing, the State's Attorney stated the factual basis for defendant's plea. According to the State's Attorney, defendant and a minor intentionally caused great bodily harm and permanent disfigurement to Jeffrey Miller by kicking and beating him about the head and body which resulted in many fractures and lacerations to the head and face area and in a subdural hematoma. Defense counsel agreed the factual basis recited by the State's Attorney was substantially correct. The court accepted defendant's plea and set a date for a sentencing hearing.

At the sentencing hearing, a presentence report revealed that defendant, currently age 19, committed misdemeanor criminal damage to property as a juvenile in 1985. He was given two years' probation, but before completing his term, he committed misdemeanor theft and reckless driving. Defendant subsequently was committed to the Illinois Department of Corrections, Juvenile Division. The report further stated that as a juvenile, defendant was also found to have committed reckless conduct and theft of lost or mislaid property.

Additional evidence at the sentencing hearing revealed that Miller suffered fractures of both inferior orbital rims, a depression of the orbital floor on the right, and fractures of both the lateral and medial walls of the maxillary antrum, and fracture of the left zygomatic arch. Some teeth were also loosened. The medical report concluded Miller

suffered great bodily harm, probably resulting in permanent disability and disfigurement, although the extent of this disfigurement could not be fully assessed at the time of the report. While the minor testified both he and defendant had participated in the beating of Miller, with some of the injuries being inflicted after Miller lost consciousness, defendant claimed the minor acted alone. It was also noted at the hearing that Miller's vehicle had been destroyed.

In sentencing defendant, the court commented:

> "And I do believe that you did some beating and the man was unconscious in the back seat of the automobile and at the park. And my personal opinion is, and I think the evidence showed definitely, that you are guilty of exceptional brutal or heinous behavior indicative of wanton cruelty. There's no question about it. That man suffered severe, severe, injuries. In fact, he almost lost his life. A metal plate above his right eye. That's pretty serious injuries.
>
> You have a prior criminal record and you did cause very, very serious harm to this fellow for practically no reason at all, really."

The court concluded by sentencing defendant to 10 years in the Department of Corrections.

Defendant in response filed a motion to reduce sentence and a motion to withdraw his plea of guilty. The motion to withdraw his plea stated: "His plea was involuntary. Supreme Court Rule 402 was not complied with. The State did not prove that he was eligible for an extended term. The sentence was excessive." At the hearing on these motions, defense counsel advised the court:

> "The two motions filed by Terry Keele were actually prepared by *** his former trial lawyer, and it was done so merely as a vehicle to get the complete record before the Appellate Court. Now, when the motions were filed, they—the likelihood was very great that both motions would be denied at a hearing, and, therefore, we do not propose to present argument or testimony on behalf of either motion, and we request that the Court deny both motions. Also, pursuant to the provisions of Rule 606D [sic], I herewith file my certificate that I have conferred with the defendant to ascertain his contentions of error. It is also my understanding that the State's Attorney's Office will not resist the entry of such an Order."

The State's Attorney's office responded in the affirmative. Accordingly, no argument or evidence was presented, and the court denied defendant's motions.

■ On appeal, defendant initially contends the trial court failed to substantially comply with Rule 402. The State contends defendant waived this issue by failing to present evidence or argument at the hearing on his motion to withdraw his guilty plea. Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)), pertaining to motions to withdraw guilty pleas, provides in part:

"The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. The motion shall be presented promptly to the trial judge by whom the defendant was sentenced ***. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. The motion shall be heard promptly, and if allowed, the trial court shall vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived."

■ Our understanding is that Rule 604(d) contemplates more than the mere *pro forma* filing of a motion as occurred here. Rule 604(d) was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider alleged errors and to make a record for the appellate court to consider on review in these cases where defendants' claims are disallowed. (*People v. Wilk* (1988), 124 Ill. 2d 93, 106, 529 N.E.2d 218, 223.) The rule ensures that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity, at a time when witnesses are still available and memories are fresh, to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record but nevertheless were unwittingly given sanction in the courtroom. (124 Ill. 2d at 104, 529 N.E.2d at 221-22.) Such a hearing allows for the trial court to immediately correct any improper conduct or any errors which may have produced a guilty plea. (*Wilk*, 124 Ill. 2d at

104, 529 N.E.2d at 222; *In re A.W.* (1989), 185 Ill. App. 3d 473, 475, 541 N.E.2d 789, 790.) Naturally, the trial court is the place for fact-finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. (*Wilk*, 124 Ill. 2d at 104, 529 N.E.2d at 222.) For these reasons, a relaxed standard of compliance with Rule 604(d) can no longer be accepted. (*People v. Hayes* (1990), 195 Ill. App. 3d 957, 960, 553 N.E.2d 30, 32.) Strict adherence to the rule allows courts of review to ascertain the integrity of the parties' assertions of fact and law, all of which is essential to the expeditious and accurate determination of appeals. *People v. Gonzales* (1989), 179 Ill. App. 3d 546, 550, 534 N.E.2d 520, 522.

■ Here, defendant alleges in his Rule 604(d) motion that his guilty plea was involuntary. No specifics of why the plea was involuntary are given other than the general statement that the court failed to comply with Rule 402. Because our reading of the transcript of the negotiated plea hearing discerns a less-than-model acceptance of a guilty plea under the standards of Rule 402, we believe factual issues still exist as to whether defendant knew of his rights and knowingly and voluntarily waived them. The appellate court is not the appropriate forum to solve such issues; rather, the trial court is. Again, we reiterate Rule 604(d) does not contemplate the perfunctory type of motion and hearing that occurred in this instance. Therefore, we choose to remand this cause to the circuit court to allow defendant to file a proper motion to withdraw his guilty plea in order that a hearing on his motion as contemplated by Rule 604(d) can be conducted.

Reversed and remanded with directions.

LEWIS and CHAPMAN, JJ., concur.