# Illinois Official Reports

## Appellate Court

---

### *People v. Bridges*, **2017 IL App (2d) 150718**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE BRIDGES, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0718 |
| Filed | October 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 13-CF-1552; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Ann Marie Fick, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, Lawrence M. Bauer, and Sally Ann Swiss, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices McLaren and Zenoff concurred in the judgment and opinion. |

¶ 1        Defendant, Andre Bridges, entered a negotiated plea of guilty in the circuit court of Lake County to a single count of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2012)). In exchange for defendant's plea, he was sentenced to an 18-year prison term and the State dismissed charges of first-degree murder (720 ILCS 5/9-1 (West 2012)). Defendant subsequently moved, *pro se*, to withdraw his guilty plea. The trial court appointed counsel, who filed an amended motion. The trial court denied the amended motion. Defendant argues on appeal that the proceedings on the amended motion did not comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Defendant notes that counsel failed to support the amended motion with an affidavit as to matters not based on the record. Furthermore, according to defendant, the hearing on the amended motion was perfunctory and was improperly held in his absence. We vacate and remand for proceedings in compliance with Rule 604(d).

¶ 2        The first-degree murder charges against defendant arose from the shooting death of James Myles. As the factual basis for defendant's plea of guilty to the less serious charge of aggravated battery with a firearm, it was stipulated that "on June 1st, 2013 after a confrontation in an alley in North Chicago, the defendant discharged a firearm in the direction of James Miles [*sic*] and in fact struck James Miles [*sic*] about the body." In his *pro se* motion to withdraw his plea, defendant asserted that he "had inadequate representation by counsel" and "was not mentally compentent [*sic*] to enter a plea." The motion was supported by an affidavit, which added that defendant's plea "was the result of coercion (force or threats)." The amended motion filed by counsel elaborated on these claims, alleging as follows:

"g. [Defendant's] plea was made under duress.

h. While this cause was pending, acts of violence were perpetrated upon [defendant's] mother.

        i. Two days after the victim in this case was killed, but prior to [defendant's] arrest, [his mother's] home was shot at. The bullets landed in the couch and near a bed; if [defendant's mother] or another family member had been present, they would have been hit by the bullets.

        ii. After [defendant's] arrest, the same individuals [his mother] believes were responsible for the shooting loitered outside [her] workplace; [she] required a police escort home.

        iii. [Defendant] learned of these incidents directly from his mother.

        iv. However, through discussions with fellow inmates in the Lake County Jail, [defendant] learned that the violence and threats of further violence were targeted toward [defendant], and were intended to send a message to [defendant].

i. [Defendant] entered his plea of guilty in an objectively reasonable attempt to prevent future violence against his mother. Thus his plea was involuntary.

j. Further, [defendant] was not properly medicated at the time of his plea, and therefore, his plea was not intelligently made.

k. Due to inappropriate medication, [defendant] did not intelligently give up his right to trial.

l. [Defendant] is diagnosed as Bipolar and suffers from ADHD.

m. His doctor prescribed Adderall, Trileptal, Seroquel (Quetiapine), and Dextroamphetamine.

n. While in the Lake County Jail, [defendant] was given Quetiapine, but was not provided with his other mediations [*sic*].

o. While incarcerated in LCJ, [defendant] suffered from anxiety, mood swings, tremors, and unusually bad dreams.

p. [Defendant] complained to the medical staff at the jail that the medications were not working for him, but his medication did not change.

q. [Defendant] believes that this change in medication affected his mental capabilities while in custody.

r. Based upon the insufficient treatment of [defendant's] symptoms, [defendant] did not intelligently give up his right to trial. His judgment was clouded and he could not reach a reasoned decision."

The amended motion was not supported by an affidavit. However, counsel filed a certificate of compliance with Rule 604(d).

¶ 3 The State initially argued that defendant's *pro se* motion was not timely filed and that the trial court lacked jurisdiction. At a status hearing on April 30, 2015, the State conceded that the *pro se* motion had been timely filed and that the amended motion was therefore properly before the trial court for a decision on the merits. The trial court asked whether the case should be continued for argument on the substantive issues raised in the amended motion. Defense counsel responded that the amended motion "laid [the substantive issues] out." She added: "I could have [defendant] testify to that. I don't know if there is any issues about any of the factual issues made by [defendant]." The trial court then asked the prosecutor, "Are you contesting any of the factual issues or is this a legal issue?" The prosecutor responded, "[Y]our Honor took the plea from the Defendant and inquired of the Defendant if he understands everything and if there has been any threats, the defendant indicated no." The parties indicated that they had no evidence to present, and the trial court continued the matter to June 16, 2015, for a ruling on the motion.

¶ 4 Defendant was not present at the April 30, 2015, status hearing. Nor was he present on June 16, 2015, when the trial court announced its decision after the State and defense counsel declined an invitation to present any additional argument. With respect to the medications that defendant alleged he was not receiving, the trial court noted that "there's nothing in the record to show that the defendant needed to be prescribed any of these other medications in order to make a voluntary and intelligent waiver of his rights to trial." The trial court noted that defendant appeared to be intelligent and "cognizant of all the issues that were being discussed," not only when he entered his plea "but on every date on which he appeared before the Court." The trial court also found that the alleged harassment of defendant's mother did not render his plea involuntary.

¶ 5 Rule 604(d) provides, in pertinent part, as follows:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if

the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. ***

The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit ***. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

*** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

The motion shall be heard promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 6 It is well established that strict compliance with Rule 604(d) is required. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Where the defendant fails to file the proper motion, the appeal must be dismissed. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). However, the proper remedy for failure to strictly comply with Rule 604(d)'s other requirements is "a remand to the circuit court for the [opportunity to file] a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.[1]

¶ 7 There is no dispute that defendant filed the requisite motion to withdraw his plea, so *Wilk*'s dismissal rule does not apply. We thus consider whether there was a failure to strictly comply with other aspects of the rule, necessitating a remand pursuant to *Janes*.

---

[1]Defendant occasionally refers to the principles governing claims of ineffective assistance of counsel. Such claims are evaluated under *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Seizing on the references to *Strickland*, the State contends that our decision "will turn on whether counsel's acts or failure to act, as described by defendant, were the result of counsel's deficient performance which prejudiced defendant under *Strickland*." We disagree. The remedy prescribed by *Janes* for failure to strictly comply with Rule 604(d) does not depend on a showing of ineffective assistance of counsel. See *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16 (describing circumstances when *Strickland* does apply to postplea proceedings). The dispositive question is simply whether the proceedings below were in strict compliance with Rule 604(d).

¶ 8    As seen, where the defendant moves to withdraw his or her plea, Rule 604(d) requires counsel to certify that he or she has made any amendments to the defendant's motion that are necessary for adequate presentation of any defects in the proceedings relating to the defendant's plea. Although counsel here filed a facially valid certificate of compliance, we may consult the record to determine whether she actually fulfilled her obligations under Rule 604(d). For instance, in *People v. Little*, 337 Ill. App. 3d 619 (2003), the court's conclusion that counsel had not strictly complied with Rule 604(d) was based, in part, on the record's refutation of counsel's certificate of compliance. In *Little*, counsel certified that he had examined the report of proceedings of the defendant's guilty plea. However, counsel filed the certificate before the report of proceedings had been prepared and filed.

¶ 9    Here, the record refutes counsel's certification that she made any amendments to the motion necessary for adequate presentation of any defects in the plea proceedings. Counsel added new, detailed allegations to defendant's motion to withdraw his plea, but those allegations were not supported by the record. As seen, under Rule 604(d), facts that do not appear of record must be supported by an affidavit. Thus, to fulfill her duty to amend defendant's motion, counsel had to attach an affidavit substantiating the new allegations. See *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005) (where counsel failed to attach documents containing facts upon which motion was based, motion did not adequately present defects in the relevant proceedings). Counsel not only failed to attach an affidavit but also failed to present defendant's testimony or any other evidence in support of defendant's motion. The trial court thus had no basis for deciding the motion other than its own recollection of defendant's demeanor during the plea proceedings.

¶ 10    We also conclude that the hearing on the motion was inadequate to satisfy Rule 604(d)'s strict-compliance standard. A hearing on a motion to withdraw a defendant's guilty plea must be more than a charade performed only to allow an appeal to proceed. See *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14 (hearing on remand pursuant to *Janes* for compliance with Rule 604(d)). *People v. Keele*, 210 Ill. App. 3d 898 (1991), is instructive. In *Keele*, the motion to withdraw stated that the defendant's plea was involuntary, but the motion lacked specificity. The defendant's attorney presented no evidence or argument on the motion and, indeed, asked that the motion be denied. The *Keele* court observed as follows:

> "Our understanding is that Rule 604(d) contemplates more than the mere *pro forma* filing of a motion as occurred here. Rule 604(d) was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider alleged errors and to make a record for the appellate court to consider on review in these cases where defendants' claims are disallowed. [Citation.] The rule ensures that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity, at a time when witnesses are still available and memories are fresh, to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record but nevertheless were unwittingly given sanction in the courtroom. [Citation.] Such a hearing allows for the trial court to immediately correct any improper conduct or any errors which may have produced a guilty plea. [Citations.] Naturally, the trial court is the place for fact-finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. [Citation.] For these reasons, a relaxed standard of compliance with Rule 604(d) can no longer be accepted.

[Citation.] Strict adherence to the rule allows courts of review to ascertain the integrity of the parties' assertions of fact and law, all of which is essential to the expeditious and accurate determination of appeals. [Citation.]" *Id.* at 902-03.

¶ 11 The *Keele* court concluded that "Rule 604(d) does not contemplate the perfunctory type of motion and hearing that occurred in this instance." *Id.* at 903. Unlike in *Keele*, counsel in this case prepared a detailed amended motion to withdraw defendant's plea and did not explicitly concede that the motion should be denied. However, counsel's failure to offer any argument or evidence in support of the motion functioned as a concession that the motion was without merit. Thus, the hearing in this case served little purpose other than to clear a procedural hurdle to this appeal. It is noteworthy that defendant was not even present at the hearing. "While a defendant has no absolute right to be present at a hearing on a motion to vacate a guilty plea, if the motion alleges facts outside the record or raises issues which may not be resolved without an evidentiary hearing, defendant should be present." *People v. Barnes*, 263 Ill. App. 3d 736, 739 (1994).

¶ 12 For the foregoing reasons, we vacate the denial of defendant's amended motion to withdraw his plea, and we remand the cause to the circuit court of Lake County for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 13 Vacated and remanded.