**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190230-U

Order filed November 10, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0230 Circuit No. 17-CF-415 |
| | ) | |
| KEITH T. GREGORY, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Postplea counsel's facially valid Rule 604(d) certificate was not affirmatively rebutted by the record.

¶ 2     Defendant, Keith T. Gregory, appeals from the denial of his motion to withdraw his

guilty plea. He argues that despite filing a facially valid Illinois Supreme Court Rule 604(d) (eff.

July 1, 2017) certificate, the record rebuts postplea counsel's compliance with that rule.[1] We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with two counts of attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2016)), aggravated battery (*id.* § 12-3.05(e)(1)), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), and unlawful possession of a firearm (*id.* § 24-3.1(a)(2)). The charges stemmed from the shooting of Tyrell Herron on or about May 9, 2017.

¶ 5        On the day scheduled for trial, May 29, 2018, the parties announced a fully negotiated plea had been reached. Defendant would plead guilty to aggravated battery, with an agreed sentence of 17½ years' imprisonment followed by 3 years of mandatory supervised release (MSR). The remaining counts would be dismissed.

¶ 6        The court verified defendant's understanding of the plea terms. It further admonished defendant regarding the nature of the charge, the minimum and maximum potential sentence, the right to plead not guilty, and that by pleading guilty he was waiving his right to a trial "and everything that goes with it." The court further admonished defendant in more detail as to the specific rights that he was giving up, such as the right to confront witnesses and call witnesses on his behalf. The court also questioned defendant as to whether he consulted with his attorney and was satisfied with his services, to which defendant responded affirmatively. The court confirmed

---

[1]Although defendant's brief refers to ineffective assistance of postplea counsel, defendant's arguments are presented in terms of noncompliance with Rule 604(d) and are therefore addressed as such. To the extent defendant sought to present an ineffective assistance claim apart from Rule 604(d) compliance (see, *e.g.*, *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16 (indicating that claims of ineffective assistance of counsel, apart from compliance with Rule 604(d), should be analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984))), such claim may be better suited for collateral proceedings. See, *e.g.*, *People v. Bew*, 228 Ill. 2d 122, 134-35 (2008).

with defendant that no one had forced him to enter the plea or made any promises other than what had been discussed in court.

¶ 7        The State set forth the factual basis for the plea. In doing so, the State indicated it would call the victim, Tyrell Herron. Additionally, surveillance video of the shooting revealed the shooter had on the same clothing defendant was wearing when defendant was stopped by police officers shortly after the shooting occurred. The State further asserted that Antoine[2] Ross told police that he was present when the shooting occurred and identified the shooter as "Kilo," who he subsequently identified as defendant. Additionally, a search of a residence that defendant had been near prior to being stopped, led the officers to two handguns, including a .22-caliber gun. A bullet fragment from a .22-caliber gun was recovered in the area of the shooting. The State also set forth that an expert who tested the gun and bullet fragment would state that the bullet fragment could not be identified or eliminated as having come from the .22-caliber gun recovered during the search.

¶ 8        The court questioned defendant as to whether that was the evidence he believed the State would present if the matter had gone to trial, and defendant responded "I think so."

¶ 9        The court found that a factual basis existed for the plea and that defendant entered the plea knowingly and voluntarily. The court accepted the plea. Both parties waived evidence in mitigation and aggravation. The court sentenced defendant to the agreed 17½ years' imprisonment followed by 3 years' MSR.

¶ 10       On June 4, 2018, defendant filed, as a self-represented litigant, a handwritten document with the court indicating he would like to withdraw his plea. Defendant indicated his counsel,

---

[2]This individual's name was spelled differently throughout the record and at different points appeared as "Antoine," "Antione," and "Antwan."

Mark Rose, convinced him to take the plea agreement and told him he could not prevail on the case. Additionally, defendant alleged Rose lied to him and mistakenly advised him regarding certain evidence, including what Ross would testify to, whether the State had recovered the gun involved in the offense, whether defendant's DNA was found on the gun, and the evidence the State could present on the day of trial.

¶ 11 On June 7, 2018, defendant filed, as a self-represented litigant, a handwritten motion to withdraw his guilty plea. Therein, defendant alleged Rose: (1) refused to meet with him; (2) failed to file any motions in furtherance of the defense; (3) failed to notify the State of defendant's alibi; (4) failed to subpoena his witnesses; (5) failed to adequately prepare his defense; (6) pressured him into the plea bargain by intimidation through telling defendant he would spend the rest of his life in prison; (7) never spoke to him on the phone; and (8) did not provide vigorous representation by providing any form of adversarial testing of the State's case.

¶ 12 Rose filed a supplemental motion to withdraw guilty plea incorporating the allegations contained in defendant's motion and arguing: (1) that defendant's sentence was excessive and the court failed to properly consider, weigh and balance the factors in mitigation and aggravation, and (2) the plea of guilty was not conducted in compliance with Rule 402.

¶ 13 Thereafter, on November 29, 2018, the court appointed postplea counsel, Chandra Justice. On April 1, 2019, defendant filed a document stating he had not heard from Justice. On April 8, 2019, Justice filed a Rule 604(d) certificate stating she had consulted with defendant to ascertain his contentions of error in the entry of the plea of guilty and in the sentence, examined the trial court file and report of proceedings of the plea of guilty and sentencing hearing, and made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings.

¶ 14 At the hearing on the motion, Justice first addressed defendant's April 1 filing and indicated she had been in contact with him prior to filing her certificate on April 8. The court specifically asked defendant if Justice had been in contact with him since April 1 and defendant responded "Yes, sir." The court then inquired whether defendant was still comfortable moving forward with the case and he replied "Yes, sir."

¶ 15 Justice informed the court she chose not to supplement defendant's initial motion to withdraw his guilty plea and that she was standing on that motion and plea counsel's supplemental motion. Justice stated that she believed those motions were complete and there was no need to supplement.

¶ 16 Justice called defendant as a witness. She questioned defendant as to his allegations that Rose told defendant he would not be able to prevail on the case, his allegations that Rose lied to or misinformed him regarding certain evidence, and whether Rose went through the discovery, written reports, and video with defendant. Justice also told the court that she would rest on the motion and supplemental motion regarding "the sentence and other things." Justice argued that defendant relied on Rose instead of being able to review the discovery and have any meaningful discussion. In that regard, she argued that according to defendant, defendant was only able to meet with Rose at the court but was not able to contact him by phone or have jail visits.

¶ 17 The court denied the motion. Defendant appeals.

¶ 18                                     II. ANALYSIS

¶ 19 Defendant argues that despite Justice's facially valid Rule 604(d) certificate, she failed to strictly comply with that rule. In support, defendant mainly contends that Justice did not amend the motion to adequately present defendant's claims, Justice did not present some of the claims in defendant's motion, and at the hearing, some of Justice's questions for defendant were based

5

on her misreading of a word contained in the handwritten document defendant filed on June 4, 2018. Defendant argues that if Justice adequately reviewed the record, she would have realized the sentencing claims were meritless and taken the steps necessary to withdraw them.

¶ 20        Rule 604(d) provides, in relevant part, that:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

"[S]trict compliance with Rule 604(d) is required." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 6. Importantly, "[a] Rule 604(d) certificate is designed to provide proof of counsel's compliance with that rule." *People v. Young*, 2019 IL App (3d) 160528, ¶ 39.

¶ 21        The case law provides that "[w]e review a question of compliance with Rule 604(d) *de novo*." *People v. Stefanski*, 2019 IL App (3d) 160140, ¶ 22. In this matter, defendant admits that Justice filed a facially valid Rule 604(d) certificate. However, defendant claims Justice's sworn certificate was inaccurate because the record suggests she was careless and did not fulfill her obligations under Rule 604(d), as stated. This court has independently reviewed the record, as permitted by existing precedent, to determine if the Rule 604(d) certificate contains inaccurate information. See *Bridges*, 2017 IL App (2d) 150718, ¶ 8. After conducting a review of the record, contrary to defendant's assertions, we are not persuaded that the compliant Rule 604(d)

certificate present in this record should be disregarded. We therefore affirm the circuit court's denial of defendant's motion to withdraw guilty plea.

¶ 22                                    III. CONCLUSION

¶ 23         The judgment of the circuit court of Peoria County is affirmed.

¶ 24         Affirmed.