2022 IL App (2d) 210063-U
No. 2-21-0063
Order filed May 19, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of DuPage County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-2194 |
| BARRY HOOVER, | ) ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where postplea counsel filed a motion to withdraw defendant's guilty plea claiming that defendant entered the plea under a misapprehension of fact, yet counsel did not substantiate the motion's factual allegations, the matter was remanded for compliance with Rule 604(d).

¶ 2    Defendant, Barry Hoover, pleaded guilty to one count of stalking (720 ILCS 5/12-7.3(a-3)(2) (West 2018)), in exchange for a sentence of 19 months in prison and the dismissal of other charges. Defendant subsequently moved, *pro se*, to withdraw his guilty plea. The trial court appointed counsel, who filed an amended motion. Following a hearing, the court denied the amended motion. On appeal, defendant contends that postplea counsel failed to comply with

Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) by neglecting to support the claims in the amended motion. For the following reasons, we vacate the denial of defendant's amended motion to withdraw his guilty plea, and we remand for proceedings in compliance with Rule 604(d).

¶ 3                                          I. BACKGROUND

¶ 4    On October 10, 2019, defendant was indicted on one count of aggravated stalking (720 ILCS 5/12-7.3(a-3) (West 2018)), four counts of violating an order of protection (*id.* §§ 12-3.4(a)(1)(i), (d)), and one count of stalking (*id.* § 12-7.3(a-3)(2)). The stalking charge alleged "that during the period of June 22, 2019[,] through September 20, 2019[,] *** defendant knowingly and without lawful justification, on at least two (2) separate occasions followed Tiffany Meyers or placed Tiffany Meyers under surveillance, thereby placing Tiffany Meyers in reasonable apprehension of immediate or future bodily harm."

¶ 5    The public defender initially represented defendant. On November 8, 2019, private counsel filed a substitute appearance, and the court gave the public defender leave to withdraw.

¶ 6    On February 7, 2020, defense counsel advised the trial court that the parties had reached a plea agreement subject to the court's approval. With defendant's permission, the court participated in a conference, under Illinois Supreme Court Rule 402 (eff. July 1, 2012), with defense counsel and the State. After the conference, the State explained that, under the agreement, defendant would plead guilty to one count of stalking in exchange for a 19-month prison sentence and the dismissal of the remaining charges in the case plus two separate misdemeanor charges of violating an order of protection. In addition, the court would enter a permanent protective order against defendant in favor of Meyers.

¶ 7    The trial court advised defendant of the sentencing range for the stalking charge, and defendant indicated that he understood. Defendant stated that he heard and understood the terms

of the agreement and wished to plead guilty. In response to the court's admonishments, defendant indicated that he understood that he was giving up his rights to a jury trial, to be proved guilty beyond a reasonable doubt, to confront witnesses, to call witnesses, to present a defense, and to testify or remain silent. Defendant confirmed that no one had forced or coerced him into pleading guilty. Defendant indicated that he was not taking any medication, drug, or other substance that would affect his ability to understand the proceedings. Defendant also stated that he was a United States citizen.

¶ 8     The parties stipulated to the following factual basis for the plea. Lombard police detective Ryan Postal would testify that, on or about July 6, 2019, defendant was outside Meyers's friend's home while Meyers was present. When Meyers left her friend's home, defendant damaged Meyers's car and threatened her and her family. On July 7, 2019, defendant was observed outside Meyers's father's home in Chicago when Meyers was present, and defendant damaged Meyers's car. On "8-20," defendant was observed outside Meyers's residence early in the morning and was arrested and charged with a misdemeanor offense. On September 19, 2019, police were sent to investigate a report of a man under Meyers's car at her place of employment. Upon further investigation, police discovered an Apple watch and a "GPS device," with accounts linked to defendant's personal information, including his e-mail, phone number, and credit card. Meyers would testify that defendant's actions placed her in reasonable apprehension of immediate or future bodily harm.

¶ 9     The trial court found that the factual basis was sufficient, that defendant understood the nature of the proceedings, and that he voluntarily entered the guilty plea. Accordingly, the court accepted the plea and sentenced defendant to 19 months in prison, followed by four years of

mandatory supervised release. In addition, the court entered a permanent order of protection against defendant in favor of Meyers.

¶ 10     On February 28, 2020, defendant filed a *pro se* motion to withdraw his guilty plea. In it, he claimed that he made his plea under "mental duress due too [*sic*] substatial [*sic*] financial obligations and mental fatigue due [to] current mental issues." He also alleged "violation of due process, prosecutorial misconduct and perjury and ineffective assistance of counsel." Defendant further claimed that, before pleading guilty, he was not aware of the facts supporting the charges. He claimed that the indictments were vague and misleading. He also claimed that (1) some of Postal's stipulated testimony at the plea hearing, regarding the incident with the GPS device, was "[i]n contrast to the police report taken on September 20, 2019[,]" and (2) there was no police report concerning the placement of a GPS device on Meyers's car at her home. He further claimed that no one witnessed him damage Meyers's vehicle and that Postal based his testimony on Meyers's "account of things." He further asserted that Postal initially reported that the GPS incident happened on September 20, 2019, but later swore under oath that it happened on September 19, 2019. According to defendant, Postal's testimony was not credible.

¶ 11     On August 12, 2020, the trial court appointed counsel to represent defendant on his motion to withdraw his plea.

¶ 12     On November 12, 2020, postplea counsel filed (1) a "Motion to Withdraw Plea of Guilty and Vacate Judgment" (amended motion), (2) an "Affidavit of Facts Outside the Record" (affidavit), and (3) a certificate under Rule 604(d).

¶ 13     The amended motion alleged in pertinent part:

> "3. Defendant's plea was not a knowing, intelligent, and voluntary decision. As such, his due process rights were violated.

a. Before he entered his plea, he had not reviewed his discovery or other evidence related to the factual allegations within the case.

b. If [d]efendant had done so, he would have been able to compare his own evidence to that of the State's and therefore not plead under a misapprehension of fact."

The amended motion asked that defendant be allowed "to withdraw his plea of guilty or in the alternative conduct an evidentiary hearing."

¶ 14    In the affidavit, counsel averred:

"1. The below-signed attorney has examined the transcript of 02/07/2020 and the *pro se* filing of 02/28/2020.

2. The below-signed attorney has consulted with the defendant by telephone:

a. The [d]efendant did not review his discovery at or before the time of the plea.

b. The [d]efendant contends to have evidence contradicting the State's evidence.

c. The [d]efendant was not able to compare his evidence to that of the State's evidence."

¶ 15    The Rule 604(d) certificate provided that postplea counsel had (1) "consulted with the [d]efendant by phone to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence," (2) "examined the trial court file and report of proceedings of the plea of guilty and imposition of sentence," and (3) "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 16    The State filed a response to the amended motion. The State argued that defendant had been properly admonished and indicated his understanding and agreement with the admonishments. The State further argued that defendant did not set forth any factual allegations that would warrant an evidentiary hearing. Finally, the State noted that the affidavit was "cursory and [did] not provide any factual support" for his claim.

¶ 17    A hearing began on January 28, 2021, at which the parties appeared via Zoom. Postplea counsel told the trial court that he "would essentially stand on the motion" and "did file the affidavit." First, the court inquired about the statement in the affidavit that defendant did not review his discovery before the plea. Postplea counsel explained that "[defendant's] attorney at the time did not go over it with him." The court next inquired about the statement in the affidavit that defendant had evidence contradicting the State's evidence. The following colloquy transpired:

"MR. RUBEK [(POSTPLEA COUNSEL)]: Yes, Judge.

He was able to view the discovery post plea. I believe he obtained reports through the police department, and so he had evidence that would contradict that evidence after he was able to view it post plea.

THE COURT: Well, what's the nature of that evidence?

MR. RUBECK: It has to do with whether or not he was at the place, I guess, where they said he was—

THE COURT: Alibi evidence?

MR. RUBECK: —which would be the apartment complex, I believe.

THE COURT: Are you saying it's alibi evidence?

MR. RUBECK: Well, I don't—yes, I suppose.

THE COURT: Well, 2B and 2C—2C says he was not able to compare his evidence to the State's evidence, and 2B says he's got evidence that contradicts the State's evidence, so I'm a little—

MR. RUBECK: Right, because he was able to look at the State's evidence after his plea, so he did not do it before he entered into the plea agreement.

THE COURT: All right. Anything else on that?"

Defendant interjected and told the court: "There is also cell phone video on my cell phone that I was able to get back from the Lombard Police Department." The State interrupted defendant, objecting that it was not an "evidentiary hearing." The trial court told defendant to "[h]ang on" because he was represented by counsel. The trial court stated: "I think what we're going to have to do is to hold [the hearing] in person." The court continued the matter.

¶ 18    The parties appeared in person on February 11, 2021. At the outset, postplea counsel told the trial court that he was "primarily stand[ing] on the motion as filed, along with the affidavit." Postplea counsel explained:

"Essentially we're contending that before the time of his plea, [defendant] did not review his discovery, which I would say is a violation of the due process rights in making his plea not knowing or voluntarily [*sic*].

And then as far as if you look at the affidavit, two—paragraph 2, parts B and C, [defendant] was able to obtain reports from the police department once he was released from the Illinois Department of Corrections and was able to look at the evidence along with his own evidence that, I guess, was not considered prior to his plea."

When the court asked what the "reports" were about, counsel simply stated: "The evidence through the police reports that he received from the police department."

¶ 19    In response, the State argued that defendant's guilty plea was knowing and voluntary. The State pointed to the transcript of the plea hearing and noted that defendant was properly admonished and that he clearly indicated that he understood the admonishments.

¶ 20    At one point, defendant asked the trial court if he could say something, and the court directed defendant to speak with his attorney. Defendant did so. When the court asked counsel if there was something he wanted to present, counsel said, "No," and added that "it's more towards the potential trial, as opposed to what is being considered here."

¶ 21    The trial court denied the motion. The court found that (1) defendant was properly admonished before pleading guilty, and (2) there was no evidence that defendant entered the plea under a misapprehension of the facts or the law. The court further stated: "But just to say he has evidence that would contradict the State's evidence, and he wasn't able to compare that evidence to the State's evidence, without more I don't think rises to the level to withdraw the guilty plea."

¶ 22    After the trial court denied the motion, defendant commented:

"I suppose how the evidence that I was allowed to view, to see, the way the State changed the facts of the case—like a movie script. They changed, they altered the facts. I never got a chance to see that until afterward. They altered the facts. That right there is a violation of my constitutional rights, you know."

Defendant further commented that he "was under psychiatric drugs at the time, in the jail" and that he "couldn't make clearcut decisions [for himself]."

¶ 23    Defendant timely appealed.

¶ 24                                    II. ANALYSIS

¶ 25     Defendant argues that postplea counsel failed to comply with Rule 604(d) because he did not present evidence to support the amended motion to withdraw defendant's guilty plea. According to defendant, the hearing on his motion was perfunctory.

¶ 26     Rule 604(d) requires a defendant to file, within 30 days of sentencing, a motion to withdraw his plea of guilty and vacate the judgment.

>    "The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit unless the defendant is filing the motion *pro se* from a correctional institution[.] *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

>    *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 27     It is well established that counsel must strictly comply with the certificate requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 33, 35 (1994). If counsel does not, we must remand the matter to the trial court "for the filing of a new Rule 604(d) certificate, for the filing of a new motion to withdraw guilty plea or to reconsider sentence, and for a new hearing on the motion." *People v. Gorss*, 2022 IL 126464, ¶ 31 (citing *Janes*, 158 Ill. 2d at 33). In addition, even where a Rule 604(d) certificate is valid on its face, a remand is required if the record refutes the

certificate. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. " 'Rule 604(d) contemplates more than the mere *pro forma* filing of a motion.' " *Id.* ¶ 10 (quoting *People v. Keele*, 210 Ill. App. 3d 898, 902 (1991)). "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *Gorss*, 2022 IL 126464, ¶ 10.

¶ 28    Here, defendant raises no issue as to the sufficiency of counsel's Rule 604(d) certificate on its face. Rather, defendant contends that counsel failed to comply with Rule 604(d) because he did not present evidence to support the motion. He also claims that the hearing was perfunctory. In support, defendant relies on *Bridges*. There, the defendant's attorney amended the defendant's *pro se* motion to withdraw his plea by adding detailed allegations that, *inter alia*, his guilty plea was the product of coercion in the form of acts of violence against his mother. *Bridges*, 2017 IL App (2d) 150718, ¶ 2. Counsel did not attach an affidavit (*id.*), and the allegations were unsupported by the record (*id.* ¶¶ 4, 9). Accordingly, the trial court denied the motion. *Id.* ¶¶ 1, 4. On appeal, we noted that, under Rule 604(d), facts that do not appear in the record must be supported by an affidavit. *Id.* ¶ 9. Because counsel did not submit such affidavits, we held that the record refuted counsel's facially valid Rule 604(d). *Id.* ¶ 9. We stated:

> "[T]o fulfill her duty to amend defendant's motion, counsel had to attach an affidavit substantiating the new allegations. [Citation.] Counsel not only failed to attach an affidavit, but also failed to present defendant's testimony or any other evidence in support of defendant's motion. The trial court thus had no basis for deciding the motion other than its own recollections of defendant's demeanor during the plea proceedings." *Id.* ¶ 9.

In addition, we determined that the hearing was inadequate under Rule 604(d). *Id.* ¶ 10. We commented that the hearing "must be more than a charade performed only to allow an appeal to proceed." *Id.* We stated:

"[C]ounsel's failure to offer any argument or evidence in support of the motion functioned as a concession that the motion was without merit. Thus, the hearing in this case served little purpose other than to clear a procedural hurdle to this appeal." *Id.* ¶ 11.

¶ 29     So too here. Although defense counsel filed a facially valid Rule 604(d) certificate, the record refutes counsel's certification that he made amendments to the motion necessary for an adequate presentation of any defects in the plea proceedings. Counsel reviewed defendant's *pro se* motion and filed an amended motion claiming that defendant pleaded guilty "under a misapprehension of fact." Because the record did not support this allegation, counsel was obligated to support the motion with an affidavit or other evidence supporting the allegation. To be sure, counsel filed an "Affidavit of Facts Outside the Record." However, contrary to the State's argument, this does not distinguish the present case from *Bridges*. Indeed, the State acknowledged that the affidavit was "cursory and [did] not provide any factual support" for the claim. The affidavit's "facts" consisted of nothing more than counsel's averments as to what defendant told counsel over the phone. In particular, counsel averred that defendant "did not review his discovery," that he had "evidence contradicting the State's evidence," and that he "was not able to compare his evidence to that of the State's evidence." However, the affidavit did not *substantiate* any of those statements. What was the misapprehension of fact, and what was the contradicting evidence?

¶ 30     At the January 28, 2021, hearing, postplea counsel suggested to the trial court that the evidence was alibi evidence. When defendant attempted to tell the court about certain "[c]ell phone video," the court did not let defendant proceed, and it continued the hearing so that the parties could appear in person. At the subsequent February 11, 2021, hearing, counsel alluded to "[defendant's] own evidence that *** was not considered prior to his plea." In denying the motion,

the court stated: "But just to say he has evidence that would contradict the State's evidence, and he wasn't able to compare that evidence to the State's evidence, without more I don't think rises to the level to withdraw the guilty plea."

¶ 31    As in *Bridges*, "counsel's failure to offer any argument or evidence in support of the motion functioned as a concession that the motion was without merit. Thus, the hearing in this case served little purpose other than to clear a procedural hurdle to this appeal." *Id.* ¶ 11. If, as the State asserts, "[t]he failure of counsel to produce any evidentiary support for the claim implies that he had seen none," then counsel should not have advanced the claim. As noted, " 'Rule 604(d) contemplates more than the mere *pro forma* filing of a motion.' " *Id.* ¶ 10 (quoting *Keele*, 210 Ill. App. 3d at 902). Counsel's affidavit, averring to only what defendant told him, without any evidentiary substance, served as nothing more than technical compliance with Rule 604(d).

¶ 32    Relying on *People v. Tejado-Soto*, 2012 IL App (2d) 110188, the State argues that we should analyze counsel's performance under *Strickland v. Washington*, 466 U.S. 668 (1984), and find that defendant cannot establish prejudice. According to the State, defendant is "essentially" attacking counsel's performance. We disagree. *Tejado-Soto* is distinguishable. There, the defendant argued that counsel's failure to call a *particular* witness resulted in an unfair hearing under Rule 604(d). *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16. We found that *Strickland* was applicable because

> "(1) the hearing on remand was not conducted as a purely formal exercise designed to facilitate reinstatement of the previously dismissed appeal; (2) there is no claim that, on remand, counsel failed to comply with any of the specific requirements of Rule 604(d); and (3) the type of error alleged here—the failure to call a particular witness to testify—has traditionally been analyzed with reference to the *Strickland* standard." *Id.* ¶ 16.

Here, defendant argues that counsel failed to comply with Rule 604(d) by neglecting to provide *any* evidentiary support for the claims made in his amended motion to withdraw defendant's guilty plea. Defendant makes no argument that counsel failed to present particular evidence, because the evidence is unknown. As in *Bridges*, the dispositive question is whether the proceedings below were in strict compliance with Rule 604(d), not whether counsel's deficient performance prejudiced defendant. See *Bridges*, 2017 IL App (2d) 150718, ¶ 6 n.1 (rejecting the State's argument that *Strickland* analysis applied).

¶ 33                                    III. CONCLUSION

¶ 34      We find that the record refutes postplea counsel's certificate—that he made amendments to the motion necessary to adequately present defects in the proceedings. Therefore, we vacate the court's denial of defendant's amended motion to withdraw his plea. Further, we remand the cause to the circuit court of DuPage County for " '(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.' " *Id.* ¶ 12 (quoting *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011)).

¶ 35      Vacated and remanded.