**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230632-U

Order filed December 4, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-23-0632 Circuit No. 21-CF-2206 |
| KEMIA C. PUGH, | ) ) | Honorable Brian W. Jacobs, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Counsel complied with Illinois Supreme Court Rule 604(d).

¶ 2    Defendant, Kemia C. Pugh, argues the record refutes counsel's facially compliant Illinois Supreme Court Rule 604(d) (eff. Sept. 18, 2023) certificate. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On December 9, 2021, defendant was charged with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020)) and prostitution (720 ILCS 5/11-14(a) (West

2020)). Defendant entered into a fully negotiated plea to unlawful possession of a controlled substance on September 11, 2023. The State presented the agreement as follow:

> "Per the agreement, the defendant would receive two years of Section 410 probation. In lieu of the 30 hours of community service, she would receive 14 days Du Page County Jail, credit for 7 actually served. She would complete a risk assessment with any counseling and evaluations *** as deemed appropriate by probation. She would show proof of a[n] *** STD test to probation."

Defendant would further have to pay "fines and court costs of the $500 drug assessment, the $250 DNA indexing, $100 anticrime contribution and the $100 lab fee."

¶ 5 Defense counsel stated that was her understanding of the plea agreement. Defendant indicated to the court that (1) she heard the agreement as recited by the State, (2) it was her intent to proceed with the agreement, (3) she did not have any questions for the court or her attorney, (4) she had a couple of months of college and could read and write English, (5) she was not under the influence of drugs or alcohol, (6) she did not have any mental or physical impairment that affected her ability to understand the proceedings, (7) she had enough time to talk to her attorney, (8) she understood that she did not have to plead guilty, (9) she understood that she was giving up her right to a jury trial, (10) no one threatened her, forced her to plead guilty, or promised her anything, and (11) she wished to plead guilty to unlawful possession of a controlled substance.

¶ 6 The State provided the factual basis, stating that an officer with the Downers Grove Police Department would testify that he was on patrol on December 9, 2021. During his shift, he was operating in an undercover capacity to investigate a potential prostitution ring. The officer found an online advertisement and made contact with the phone number listed. He spoke to the

individual and agreed to meet at a hotel. When the officer responded to the room number provided, he made contact with defendant. While speaking with defendant, the officer observed a baggie in the room that contained a white powdery substance. Defendant admitted that the substance was cocaine, and it tested positive for cocaine. The court found that there was a sufficient factual basis and the plea was knowingly and voluntarily made. The court again asked defendant if she understood the agreement, and defendant stated that she did. The court then accepted the plea and read defendant her appeal rights.

¶ 7   On September 29, 2023, defense counsel filed a motion to withdraw guilty plea on behalf of defendant. The motion alleged that defendant "did not knowingly, intelligently, willing[ly], and voluntarily waive her rights to jury trial," "did not fully understand or comprehend that she was being sentenced to a term of probation," and "was under the assumption that she only had to complete a drug class." Counsel filed a certificate pursuant to Rule 604(d), which stated that she,

> "1. Consulted with the Defendant verbally over the phone to ascertain her contention of error in the entry of the plea of guilty and sentencing.
>
> 2. Examined the trial court file and report of proceedings of the plea of guilty and sentencing.
>
> 3. Made any necessary amendments to the motion necessary for the adequate presentation of any defects in those proceedings.
>
> 4. The Defendant does desire to withdraw her guilty plea."

¶ 8   A hearing was held on November 6, 2023. Counsel stated,

> "generally I will stand on the motion. I will just state a few things. The date that [defendant] did plea, she was in jail. There seemed to have been some confusion that she was going to actually be on a term of probation. She thought she was just

3

going to have to do *** some drug classes, and that was it. That's what she maintains every time that I've spoken to her.

Based upon that, she did not have a full and knowing *** of what exactly the terms of her probation was, and she'd ask that you allow her to withdraw her guilty plea and vacate the judgement."

The State noted that the terms of the agreement were read before the plea, and it was found "that she had pled knowingly to what she was pleading to." The court denied the motion, stating,

"I've had a chance to read the motion, I've had a chance to read the admonishments that were given to [defendant] at the time that she pled out. I would indicate that both—that I asked [defense counsel] if that was the understanding of the agreement, which was the plea agreement, and then at various different times, as I do on every case, I asked [defendant] if she understood the agreement. She said yes. And then I went through to find out whether or not anybody was threatening her, forcing or, or promising her anything. I went through the admonishments. I find that the defendant's motion does not hold merit at this time."

¶ 9                                II. ANALYSIS

¶ 10        On appeal, defendant contends that defense counsel did not strictly comply with Illinois Supreme Court Rule 604(d) (eff. Sept. 18, 2023) where she failed to attach an affidavit. Our supreme court has held that an attorney must strictly comply with Rule 604(d). *In re H.L.*, 2015 IL 118529, ¶ 8. "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *People v. Gorss*, 2022 IL 126464, ¶ 10.

4

¶ 11     "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *H.L.*, 2015 IL 118529, ¶ 7. The purpose of the rule

" 'is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *Id.* ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104 (1988)).

The rule further "enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Internal quotation marks omitted.) *Id.* ¶ 10.

¶ 12     Among the requirements, Rule 604(d) requires that the motion be supported by an affidavit if "the motion is based on facts that do not appear of record." Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023). Strict compliance with Rule 604(d) is required, and counsel's failure to strictly comply requires remand. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Even where counsel has filed a facially valid certificate, courts "may consult the record to determine whether [counsel] actually fulfilled her obligations under Rule 604(d)." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 13     Here, defendant does not contest that counsel filed a facially valid Rule 604(d) certificate. However, defendant argues that the record refutes counsel's assertions in the certificate where she failed to support the allegations in the motion with an affidavit. We disagree.

¶ 14     The motion to withdraw guilty plea stated that defendant "did not knowingly, intelligently, willing[ly], and voluntarily waive her rights to jury trial," "did not fully understand

5

or comprehend that she was being sentenced to a term of probation," and "was under the assumption that she only had to complete a drug class." At the hearing on the motion, counsel repeated these allegations and stated that defendant had made this clear every time she spoke with her. Besides these allegations in the motion, defendant does not argue what additional evidence counsel could have put in an affidavit. The allegations were already included in the motion and requiring them to be put in an affidavit as well would elevate form over substance. See *People v. Diaz*, 2021 IL App (2d) 191040, ¶ 35.

¶ 15 Moreover, defendant's basis for withdrawing her plea was belied by the record. The plea agreement was stated in open court and defense counsel and defendant indicated that was the agreement. Defendant indicated multiple times that she understood what she was pleading to, what the sentence was, and that the agreement was knowingly and voluntarily made. Considering that defendant's claim is refuted by the record, efforts to further develop it would have been futile. See *id.* Therefore, we find that counsel complied with Rule 604(d).

¶ 16 In coming to this conclusion, we reject defendant's reliance on *Bridges*, 2017 IL App (2d) 150718, ¶ 2, as it is factually distinguishable. In that case, defendant's motion to withdraw guilty plea included a detailed allegation regarding acts of violence that were perpetrated against the defendant's mother, which coerced him to plead guilty, and he was not properly medicated at the time of his plea. *Id.* The allegations in that case were fully outside of the existing record and evidence was available to support it. Here, there was no additional evidence other than what was presented that defendant could have included in an affidavit, and her claims was belied by the record.

¶ 17                                             III. CONCLUSION

¶ 18 The judgment of the circuit court of Du Page County is affirmed.

¶ 19        Affirmed.