NOTICE
Decision filed 01/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230275-U

NO. 5-23-0275

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-CF-923 |
| | ) | |
| ANDREW C. TOMS, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's denial of defendant's amended motion to withdraw his guilty plea is vacated, where postplea counsel failed to strictly comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We, thus, remand for proceedings in compliance with Rule 604(d).

¶ 2    Defendant, Andrew C. Toms, appeals from the Champaign County circuit court's denial of his motion to withdraw guilty plea to one count of aggravated battery with a firearm. On appeal, defendant contends that, although postplea counsel filed a facially compliant Rule 604(d) certificate, postplea counsel failed to strictly comply with Rule 604(d). Specifically, defendant argues that postplea counsel failed to (1) attach required affidavits, (2) present defendant's claims of ineffective assistance of counsel in proper legal form, (3) provide any evidence or argument in support of defendant's ineffective assistance of counsel claims, (4) properly consult with

1

defendant, and (5) examine the required portions of the record. For the following reasons, we vacate and remand for further proceedings.

¶ 3                                    I. Background

¶ 4    On August 2, 2020, the State charged defendant by information with the offenses of aggravated battery with a firearm (count I) (720 ILCS 5/12-3.05(e)(1) (West 2020)), a Class X felony, and unlawful possession of a weapon by a felon (count II) (*id.* § 24-1.1(a)), a Class 3 felony. The State alleged that on August 1, 2020, defendant knowingly discharged a firearm during the commission of a battery, thereby causing bodily harm to the victim, Christian Mbemba.

¶ 5    On August 20, 2020, the trial court held defendant's arraignment hearing. After defendant waived his right to a preliminary hearing and entered pleas of not guilty, the State proffered the following evidence. On August 1, 2020, defendant and the victim had an altercation. Defendant chased the victim and shot at him two times, striking the victim's arm and head. At the time of the incident, the victim dated Erica Johnson, a woman defendant previously dated. Both defendant and the victim have children with Erica. According to the State, Erica saw defendant shoot the victim with a firearm, and Erica's father, S.R. Johnson,[1] witnessed defendant holding a firearm. The court appointed the Champaign County Public Defender's Office to represent defendant.

¶ 6    On August 26, 2020, the State filed a motion for discovery, wherein the State indicated its intent to call the following witnesses to testify: six individuals from the Champaign County Sheriff's Office, the victim, Ezzard Johnson, Erica Johnson, and Ramesh Patel. The next day, defendant filed an answer to the State's motion for discovery, indicating that he "may call any and all persons named in the State's discovery [motion]." Defendant did not raise an affirmative

_____

[1]Based on a review of the record, this court believes S.R. Johnson and Ezzard Johnson are the same individual.

defense but noted that "[i]f the defense becomes aware of such a defense, it will be disclosed in a Supplemental Answer."

¶ 7    On October 2, 2020, the State filed an amended information with two additional charges against defendant, including the offenses of attempted first degree murder (count III) (*id.* § 8-4(c)(1)(D)) and armed habitual criminal[2] (count IV) (*id.* § 24-1.7(a)), both Class X felonies. The State also filed a motion to increase defendant's bond. In support of this motion, the State asserted that the victim and two other individuals witnessed defendant shoot the victim in the arm and back of head with a firearm. In addition, the State argued that defendant had multiple prior convictions, dating back to 1996, which included at least 10 felony convictions. The State also asserted that defendant fled to Chicago from Champaign County following the August 1, 2020, shooting. Shortly thereafter, law enforcement approached defendant in Chicago, at which time, defendant fled, entered another individual's residence, and hid until law enforcement discovered him. Following this incident, investigators with the United States Marshals Service informed the State that defendant posed a high risk of flight. Moreover, the State alleged that defendant contacted a "witness" multiple times, telling Erica that "she needs to recant her statement, or to say that she was intoxicated, and/or plead the 5th"; that he would "marry[ ] the witness, and that they can get divorced as soon as he gets home"; and "to change or alter her statements" to law enforcement. The State obtained this information from defendant's jail calls with his sister and Erica. Shortly thereafter, on October 13, 2020, defendant hired private counsel, Attorney Jeffrey Issacson, who entered his appearance on defendant's behalf.

---

[2]On September 20, 2022, the trial court amended, on motion by the State, the charge of armed habitual criminal to the offense of aggravated unlawful use of a weapon.

¶ 8       On November 19, 2020, the trial court held a second arraignment hearing, at which time defendant waived his right to a preliminary hearing and entered pleas of not guilty on all charges. The court also heard argument on the State's motion to increase defendant's bond. The State requested the court enter a no-contact order with Erica and withdraw defendant's phone privileges outside of contacting his attorney. Following argument by the parties, the court granted the State's motion to increase bond but denied the State's requests to decrease defendant's phone usage and for a no-contact order with Erica.

¶ 9       On March 23, 2021, the trial court held a pretrial hearing. At that time, the State informed the court that they "ha[d] a subpoenaed witness who's being brought in" named Erica Johnson. The court admonished Erica that, because defendant's case was continued, her subpoena was continued until June 22, 2021. On June 22, 2021, July 27, 2021, August 24, 2021, the court continued defendant's case and Erica's subpoena.

¶ 10      On February 22, 2022, defendant sent a letter to the trial court, arguing that Attorney Isaacson rejected defendant's requests to file motions "for my discovery article," to reduce his bond, and request house arrest. Defendant requested the court appoint a public defender.

¶ 11      On March 22, 2022, the trial court held a hearing on defendant's February 22, 2022, correspondence to the court regarding Attorney Issacson's representation. Without objection by defendant, Attorney Issacson made an oral motion to withdraw, which the court granted. The court subsequently appointed the Champaign County Public Defender's Office to represent defendant. The court also heard argument by defendant that Attorney Issacson failed to explain to him the State's prior offers. The State clarified that there were two outstanding offers, including "a cap of 20 years that [then] go[es] to a sentencing hearing," and a "flat 15 years" which included dismissal

of all counts if defendant pled guilty to aggravated battery with a firearm. Attorney Alia Horwick of the Champaign County Public Defender's Office subsequently entered her appearance.[3]

¶ 12     On September 15, 2022, defendant, responding to the State's supplemental discovery, stated that he "may assert the affirmative defense of self-defense at trial." The same day, defendant filed a motion to continue based on the "unavailability of a witness."[4] The State agreed, via email, to stipulate to the witness's statement made on September 7, 2022, via telephone, and the trial court denied defendant's motion, noting "[p]ursuant to statute, there is no basis for the continuance." It appears from the record that the unavailable witness was Erica's mother.

¶ 13     On September 19, 2022, the trial court held a pretrial hearing. From the outset, the court clarified that it denied the defendant's motion to continue. In response, Attorney Horwick renewed her motion, indicating that she needed more time to subpoena the witness for the jury term and that "it's important that the witness be here." The State objected, stating the following: "That statement, that individual, whether they have her or not, is not going to make a difference in my opinion. It's a statement over two years after an incident occurred. There's [*sic*] jail phone calls where he's literally telling them what to say on those statements." The court requested clarification as to what the potential witness would testify to, stating, "if you could give me sort of some insight into what the statement was so I can determine the relevance, the materiality, the need to have the person in person." The State immediately responded, stating that Erica was present in the courtroom, while the unavailable witness was Erica's mother, who "gave no statements to any police. She gave no statements to anybody in law enforcement or the State's Attorney's office over

---

[3]The record on appeal demonstrates that Attorney Horwick requested several continuances from March 2022 to August 2022. On August 9, 2022, the trial court set defendant's trial for September 19, 2022.
[4]The record on appeal does not contain defendant's motion to continue.

the last two years." The State then asserted that Erica's mother would state the following if she testified:

> "She says that both of the individuals, the victim and the Defendant were there. She says when they started fighting[,] she took her phone and ran away. She heard shots but didn't see who shot but they must have come from one of the two of them, says that she saw the victim with a bag. There was no bag found on scene. Inside that bag she saw a clip. A clip. Presumably she means a clip for a firearm, but we have testimony *** that will be shown that it was a revolver, not a semi-automatic handgun. We don't know what—maybe it was a paperclip. I have no idea what it was, but it doesn't literally make a difference to the facts of this case whatsoever."

Attorney Horwick responded: "Again, I want her here so we could clarify those statements." The court denied Attorney Horwick's oral motion to reconsider the court's denial of defendant's motion to continue, given the State agreed to stipulate to Erica's mother's statements.

¶ 14      On September 20, 2022, the trial court held defendant's trial. After reading the charges against defendant,[5] the parties discussed a possible plea negotiation. Attorney Horwick confirmed that the most current plea negotiation included 15 years in prison for the offense of aggravated battery with a firearm to be served at 85%. Attorney Horwick further stated that defendant "did want to yesterday take the 15 years that had been previously offered to [defendant] and then originally to me, and he was not able to communicate that to me until his morning." Following a short recess,[6] defendant entered into a negotiated plea agreement with the State, wherein defendant pled guilty to the offense of aggravated battery with a firearm in exchange for the State's dismissal of counts II, III, and IV and a sentence of 15 years in prison. The court subsequently sentenced

---

[5]As the trial court read the charges against defendant, defendant claimed that the statute for the offense of aggravated unlawful use of a weapon was unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116, because he "did time in 2006." Attorney Horwick indicated that a portion of the statute was in fact found unconstitutional; however, "the subsection of the statute that [defendant] was convicted under was not unconstitutional." The State agreed with Attorney Horwick.

[6]The report of proceedings indicates that the State requested a recess to contact the victim to confirm with him the terms of the negotiated plea.

defendant to 15 years in prison to be served at 85%, followed by 3 years' mandatory supervised release.

¶ 15    On October 3, 2022, defendant filed a *pro se* motion to withdraw his guilty plea on grounds of ineffective assistance of counsel. Defendant argued that Attorney Horwick failed to file timely motions to contact "potential key witnesses." Defendant also argued that Attorney Horwick failed to file motions to suppress evidence and dismiss count III.[7] Defendant also filed a *pro se* motion to reduce sentence; however, his motion contained no argument or information.

¶ 16    On October 20, 2022, defendant filed a *pro se* motion to withdraw guilty plea and vacate sentence; however, this motion contained no argument. Defendant also filed a *pro se* petition for relief from judgment, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), on grounds of ineffective assistance of counsel. Defendant specifically argued that he was coerced into pleading guilty because of Attorney Horwick's inadequate trial preparation, her failure to timely file a motion to continue defendant's trial to interview key witnesses, and her refusal to follow through on "many of [defendant's] requests."

¶ 17    On October 21, 2022, and November 7, 2022, defendant filed *pro se* motions to withdraw his guilty plea and vacate sentence, claiming ineffective assistance of counsel. Defendant claimed that Attorney Horwick ignored his requests, including timely "fil[ing] motions for me *** and get[ting] us with some key witnesses." Defendant also claimed that he instructed Attorney Horwick to file motions to suppress evidence and dismiss counts I and III.[8] Also on October 21, 2022, defendant filed a *pro se* "Late Notice of Appeal," asserting that he filed a late notice of

_____

[7]Defendant claimed the statute for attempted first degree murder (count III) was unconstitutionally vague on its face.

[8]Defendant claimed that the statute for aggravated battery with a firearm (count I) violated the proportionate penalties clause of the Illinois Constitution. In addition, he claimed, again, that the statute for attempted first degree murder (count III) was unconstitutionally vague. Defendant asserted that both statutes had been repealed.

7

appeal because he "wasn't able to get to the law library *** within 30 days *** [of] being transferred" to a new jail. This court granted defendant's late notice of appeal on December 5, 2022, construing defendant's motion as a motion for leave to file a late notice of appeal. On December 27, 2022, this court granted the Office of the State Appellate Defender's motion to dismiss defendant's appeal as premature. Shortly thereafter, on January 17, 2023, the trial court held a status hearing, and defendant withdrew his notice of appeal. The trial court appointed Champaign County Public Defender, Attorney Elizabeth Pollock, to represent defendant.

¶ 18    On March 1, 2023, Attorney Pollock filed an amended motion to withdraw defendant's guilty plea and vacate judgment. "After conversing with the Defendant," Attorney Pollock argued that Attorney Horwick was ineffective for failing to (1) file a motion to dismiss count III "based on [defendant's] opinion that the statute (720 ILCS 5/8-4(c)(1)(D)) is unconstitutionally vague"; (2) assert self-defense on defendant's behalf; (3) subpoena witnesses to attest to defendant's innocence based on self-defense; and (4) file a motion to suppress eyewitness statements. Defendant's amended motion also argued that, although he "answered questions appropriately during plea colloquy with the Court," he did not understand the negotiated plea and sentence. Further, defendant argued his sentence was excessive. Finally, defendant asserted that section 12-3.05(e) of Criminal Code of 2012 (720 ILCS 5/12-3.05(e)(1) (West 2020)), governing the offense of aggravated battery with a firearm, "[w]as no longer valid after its renumbering," pursuant to Public Act 101-651 (eff. Aug. 7, 2020). Attorney Pollock filed a Rule 604(d) certificate. Attorney Pollock did not attach affidavits to defendant's amended motion.

¶ 19    On April 19, 2023, the trial court held a hearing on defendant's amended motion to withdraw guilty plea and vacate judgment and his *pro se* petition for relief from judgment. Attorney Pollock stated on the record that she "repeatedly" spoke with defendant about the claims

8

he wished to make. As such, she preserved such claims in defendant's amended motion. Attorney Pollock also stated that defendant wished to bring to the court's attention "an additional ground that [she] was not aware of until today." According to defendant, he believed that his 2006 conviction of aggravated unlawful use of a weapon was an invalid prior conviction based on *People v. Aguilar*, 2013 IL 112116, arguing that defendant believed his sentence was "enhanced inappropriately or his charging instrument was enhanced inappropriately." The court noted that the 2006 prior conviction that defendant referenced "does not appear to be one of the priors *** alleged in that information" for count IV. The court then clarified that defendant raised ineffective assistance of counsel for Attorney Horwick's failure to file a motion to dismiss count III and now an issue on count IV; however, defendant pled guilty to count I. Attorney Pollock agreed.

¶ 20    The trial court then noted that defendant alleged ineffective assistance of Attorney Horwick for failing to raise the theory of self-defense and subpoenaing witnesses based on this defense. The court asked Attorney Pollock to "enlighten me more on who the witnesses are or what they might say based on your representations from your client?" Attorney Pollock responded that "it would be those two individuals who witnessed the event," which included Erica and her father. Defendant immediately spoke up, stating that he wished for the "Mother and a sister" to testify as witnesses. Attorney Pollock stated, "Regardless, two witnesses who were present at the time of the shooting who would have come in to testify." Attorney Pollock continued to state that she believed, after reviewing defendant's file, "that they were spoken to *** [and] also subpoenaed by the State to be present and would have been available at trial is my understanding." Defendant immediately stated: "But she wasn't." The court then asked Attorney Pollock to "give me more enlightenment of what the grounds for the motion to suppress may have been according to [defendant]?" Attorney Pollock stated: "Simply that he didn't think the eyewitness statements should be admissible." The

9

court requested "legal argument[ ] as to why the aggravated battery with a firearm statute [was] no longer valid simply because it was renumbered?" Attorney Pollock informed the court that she researched the issue; however, she "unfortunately [didn't] have any case law to support it."

¶ 21　The State responded that defendant had zero grounds to file a motion to suppress, given the statements were not made by defendant. Rather, the eyewitness statements of Erica and her father indicated that a fight occurred between defendant and the victim. Defendant chased the victim, pulled out a firearm, and shot the victim in the back of his head and arm as the victim ran away. The State clarified that "[t]he mother and the sister were never interviewed by police." Rather, only Erica and her father provided statements. The State argued that Erica, her father, and her mother were all subpoenaed and ready for trial. The State further argued that the court admonished defendant and "took a good deal of time explaining the law to [him]" before defendant pled guilty. Moreover, the State asserted that defendant did not plead guilty to attempted first degree murder, thus, this issue was moot; the statute for aggravated battery with a firearm was renumbered but not void; and defendant's argument concerning his 2006 prior conviction was moot, provided the conviction was not alleged in the charging instruments in the instant case. The court then heard argument from defendant regarding his *pro se* petition for relief from judgment. The court subsequently denied both motions, and defendant filed a timely notice of appeal.

¶ 22　　　　　　　　　　　　　　II. Analysis

¶ 23　In this appeal, defendant contends that, although Attorney Pollock filed a facially compliant Rule 604(d) certificate, she did not strictly comply with Rule 604(d). Specifically, defendant asserts that Attorney Pollock failed to (1) attach required affidavits, (2) present defendant's claims of ineffective assistance of counsel in proper legal form by alleging that Attorney Horwick's deficient performance prejudiced defendant, (3) provide any evidence or

10

argument in support of defendant's ineffective assistance of counsel claims at the hearing on defendant's motion to withdraw guilty plea, (4) properly consult with defendant, and (5) examine the required portions of the record. The State responds that Attorney Pollock strictly complied with Rule 604(d), where counsel filed a facially valid certificate, and defendant received a full and fair hearing on his motion. We agree with defendant.

¶ 24 Rule 604(d) requires counsel to file a certificate with the trial court verifying that she consulted with defendant to ascertain contentions of error, examined the trial court file and both the report of proceedings of the plea and the sentencing hearing, and made "any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Additionally, "[w]hen the motion is based on facts that do not appear of record it shall be supported by affidavit." *Id.*

¶ 25 The purpose of Rule 604(d) is to ensure that before a defendant appeals a guilty plea, the trial court is " 'given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *In re H.L.*, 2015 IL 118529, ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104 (1988)). Whether counsel complied with the requirements of Rule 604(d) is a legal question that is reviewed *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10. Counsel's certificate must strictly comply with Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 30. Strict compliance means:

> "[T]he certificate must be filed in the trial court, rather than on appeal \*\*\*. The filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motions." *People v. Shirley*, 181 Ill. 2d 359, 371 (1998).

If the certificate does not strictly comply with the rule, the reviewing court must remand the case to provide the opportunity to file a new motion and for a new motion hearing. *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 26   If counsel filed a facially valid certificate, the reviewing court may consult the record to determine whether counsel fulfilled her obligations under the rule. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. When examining whether the record refutes counsel's certificate, reviewing courts are concerned that defendant received a full and fair hearing to present his claims of error to the trial court. *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14 (A defendant is "entitled to a hearing that is *meaningful*, but only in the very limited sense that it is not a mere charade performed for the purpose of reinstating an appeal." (Emphasis in original.)).

¶ 27   Here, the record casts doubt on whether Attorney Pollock consulted with defendant or made amendments necessary for adequate presentation of any defects in the plea proceedings. Attorney Pollock amended defendant's *pro se* motions to withdraw guilty plea and vacate sentence to argue that Attorney Horwick failed to assert the theory of self-defense and subpoena witnesses for trial who would attest to defendant's alleged act of self-defense against the victim. We note that it appears Attorney Horwick did in fact assert the theory of self-defense when she filed on September 15, 2022, a motion to continue, requesting additional time to subpoena Erica's mother, and a response to the State's supplemental discovery, stating that "[d]efendant may assert the affirmative defense of self-defense at trial." We note that the record on appeal does not contain the motion to continue; however, the report of proceedings indicates that the State argued at the hearing on September 19, 2022, that Erica's mother would have testified that the victim had a "clip" in his bag. Seemingly, the defense would have utilized Erica's mother's testimony to further defendant's argument that he acted in self-defense when he shot at, and struck, the victim.

12

¶ 28    Although the facts concerning Erica's mother are part of the record, it is unclear for this court who defendant wished to testify on his behalf regarding this issue. At the hearing on defendant's amended motion, the trial court asked Attorney Pollock to provide details on the issue of self-defense as to "who the witnesses are or what they might say based on your representations from your client." Attorney Pollock responded that "it would be those two individuals who witnessed the event," which included Erica and her father. Attorney Horwick did not reference Erica's mother at this time, which is inconsistent with the report of proceedings from the September 19, 2022, hearing. Instead, defendant immediately spoke up, stating that he wished for the "Mother and a sister" to testify as witnesses regarding this specific issue. Attorney Pollock stated, "Regardless, two witnesses who were present at the time of the shooting who would have come in to testify." However, the record indicates that Erica saw defendant shoot the victim with a firearm, and Erica's father witnessed defendant holding a firearm. Thus, based on Attorney Pollock's argument at the hearing on defendant's amended motion, it is unclear what statements Erica and her father would have attested to regarding defendant's innocence. In denying defendant's motion, the court indicated that "by representations those witnesses were discussed, were contacted and they were subpoenaed to testify." However, this witness testimony is not part of the record. As required by Rule 604(d), facts that do not appear of record must be supported by an affidavit. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 29    Moreover, if in fact defendant wished for Erica's mother and "a sister" to testify, the statements of "a sister" are not contained in the record. Importantly, defendant's amended motion stated that Attorney Horwick "failed to subpoena *witnesses* for trial who would attest to [defendant's] innocence." (Emphasis added.) Again, additional witness testimony concerning defendant's self-defense is not part of the record. Thus, Attorney Pollock should have attached the

13

affidavit or affidavits of the additional witness or witnesses. Given the apparent confusion between Attorney Horwick and defendant as to who would corroborate defendant's theory of self-defense, we conclude that the record rebuts Attorney Pollock's Rule 604(d) certificate. Based on the foregoing, we cannot conclude that defendant was afforded a full and fair opportunity to present his postplea claims.

¶ 30    Accordingly, we vacate the trial court's denial of defendant's amended motion to withdraw his plea and remand the cause for (1) the opportunity to file a new motion to withdraw guilty plea, (2) the filing of a Rule 604(d) certificate, and (3) a new hearing on the motion. See *Bridges*, 2017 IL App (2d) 150718, ¶¶ 6, 12 (the proper remedy for counsel's failure to strictly comply with Rule 604(d)'s affidavit requirement is a remand to the trial court for the filing of a new motion and a new hearing on the motion).

¶ 31                                III. Conclusion

¶ 32    For the foregoing reasons, we vacate the Champaign County circuit court's denial of defendant's amended motion to withdraw his plea and remand this case to the court for further proceedings in accordance with this decision.


¶ 33    Vacated; cause remanded with directions.

14